JOHN FALLS, Administrator, &c. *vs.* HENRY R. WILSON.

The note sued on, being payable to F. as administrator, &c., these words are merely a description of person; *held,* that the right of action existed in F.'s own name.

The fact that F. styled himself as administrator, in bringing the suit, is immaterial, and forms no part of his right to sue or recover on the note.

The description of administrator, in a note given to himself, may be treated as surplusage.

*Carter et al.* v. *Saunders,* 2 How. 851; and *Laughman et al.* v. *Thompson,* 6 S. & M. 259, cited and confirmed.

In error from the circuit court of Lauderdale county; Hon. John Watts, judge.

The facts are contained in the opinion of the court.

*D. Shelton,* for plaintiff in error, cited and commented on 2 How. 851; 6 S. & M. 259; 10 Ib. 607; 8 Mass. 103.

*D. C. Glenn,* for defendant in error, in reply, cited 4 Term R. 227; 8 Ib. 140; 1 Salk. 5; 12 Ala. R. 105; 1 Saund. 274, and note 3; 16 Wend. 579.

Mr. Justice YERGER delivered the opinion of the court.

The plaintiff in error brought suit upon a bill single, made by defendant in error, payable to the plaintiff as administrator, &c., of Joel McNeely, deceased. Among other pleas, was one that the plaintiff was not, at the institution of the suit, administrator of McNeely. This plea was demurred to, and the demurrer was overruled. The court erred in overruling the demurrer. This court has, by repeated decisions, heretofore held, that where a note is made payable to a party as administrator, the words " as administrator," are merely descriptive of the person, and do not change the nature of the action, which may be maintained in the party's own name, and in his own right. *Carter et al.* v. *Saunders,* 2 Howard, 851. Again, in *Laughman et al.* v. *Thompson et al.* 6 S. & M. 259, a suit was brought by Shem Thompson on a note payable to him as administrator *de bonis non* of Hezekiah Hermon, deceased. Shem Thompson

died, and the suit was revived in the name of his administrator, and this court held, that the suit was properly brought and revived, although the note was payable to Shem Thompson, as administrator of Hermon; the right of action was in him individually, and, therefore, should be revived on his death, in the name of his administrator, and not in the name of the administrator *de bonis non* of the first intestate. Again, in the case of *Trotter* v. *Eliza White*, administratrix of James White, deceased, 10 S. & M. 607, a suit was brought on a note, payable to the defendant in error, White, as administratrix of James White, deceased, of Washington county, Virginia; and it was objected that she could not maintain a suit in this State, without having shown that letters of administration had been procured in this State. But the court said, "this objection cannot avail. The notes evidencing the debt were made payable to her as administratrix, and she can prosecute the suit as in her own name." These authorities are decisive of this case; for although it may be true that the plaintiff was not administrator of Joel McNeely, when he brought the suit, yet, as the bill single was payable to him as administrator, those words were merely a description of person. The right of action existed in his own name, and in his own right; and the plea constitutes no defence against his right of recovery. That he styled himself administrator, &c., in bringing the suit, is immaterial; it is merely descriptive of his person, forms no part of his right to sue and recover, and may be disregarded as surplusage.

Let the judgment of the circuit court be reversed, and the demurrer of the plaintiff to defendant's fourth plea be sustained, and the cause remanded for further proceeding.