JOHN GUNN, Adm'r, &c., *v.* SAMUEL W. HODGE.

EXECUTOR AND ADMINISTRATOR : RIGHT TO SUE AFTER FINAL DISCHARGE.—If a note be made payable to A., " as administrator," &c., these words are merely descriptive of the character in which he, as an individual, holds the legal title, and he may maintain an action on the same, after his character as administrator has ceased.

IN error from the Circuit Court of Clarke county. Hon. John Watts, judge.

The plaintiff in error sued the defendant in error in the court below, upon a promissory note made payable to him, " as administrator of William Watt, deceased."

The defendant pleaded that the plaintiff had no title to the note, by reason of his final discharge from the administration of· that estate, before the commencement of the suit. To this plea the plaintiff filed his demurrer, which the court sustained ; and he failing to reply, judgment final was rendered for the defendant. And thereupon the plaintiff sued out this writ of error.

*T. J.* and *F. A. R. Wharton,* for ·plaintiff in error,

Cited *Falls* v. *Wilson,* 24 Miss. R. 168 ; *Laughman* v. *Thompson,* 6 S. & M. 239 ; *Carter* v. *Saunders,* 2 How. 251.

*Freeman* and *Dixon, contra,*

Cited 1 Lomax on Ex'ors, 204-207.

HANDY, J., delivered the opinion of the court.

The substance of the plea in this case is, that the plaintiff had no legal interest in the note sued on, because· as administrator he had made a final settlement with the Probate Court, and had been discharged.

The note was payable to the plaintiff *as administrator,* it is true. But the addition of " administrator," was a mere description of the character in which he, as an individual, held the legal title. He was accountable for the note to the distributees, but he had the

right to enforce its collection in his private capacity, subject to whatever claim at law or in equity the parties interested in the estate might have upon him in consequence of his receipt of the money. He was the holder of the note, and it was no concern of the defendant whether he was entitled, as between him and the distributees of the estate, to collect it. A payment to him under the circumstances shown by this record, would be a discharge to the debtor. *Falls* v. *Wilson*, 24 Miss. 168.

But the presumption would be, so far as his right to receive payment of the note as against the defendant is concerned, and for aught that appears in this case, that, as he had settled his account as administrator, ·he had accounted for the note and was entitled to collect it in his individual right. Be this as it may, however, it is clear that he is entitled to collect it, whether or not he is ac- acountable for it to the distributees.

Judgment reversed, and cause remanded, and *respondeat ouster* awarded.

