### B. C. Eckford et al. *v.* Harriet E. Hogan, Admx.

1. Legal title.—Courts of law only can take cognizance of the legal title, whether the suit be for the recovery of tangible property or choses in action, and to enable a plaintiff to make for himself a legal status in a court of law, he must come clothed with the legal title.

2. Defective title.—A note payable to order was transferred by delivery to the plaintiff, who sued on it; afterwards the payee endorsed it. This did not cure the defect in the plaintiff's title, for he must have a legal right of action at the time he brings his suit. 13 S. & M., 46. Nor would he be allowed to give the note in evidence under the common counts.

3. Equitable title—Nominal plaintiff.—It is extremely doubtful whether a suit by the nominal plaintiff, and not for the use of one assuming to hold the equitable title, can be defeated by showing that the equitable title was in another. 28 Miss., 67. That such defense is not maintainable, see 2 Scam, 309; 1 Gilman, 153.

4. Administrator.—An administrator may sue in his own name individually on a note payable to him as administrator, and a judgment accordingly is well rendered. 6 S. & M., 259; 10 ib., 607; 24 Miss., 168.

5. Plaintiff—Real—Nominal.—A court of law will allow the equitable assignee of a note to use the name of the holder of the legal title, to sue for his use, and will not permit the suit to be controlled by the nominal plaintiff.

6. Parol testimony—Records.—In a suit by an administrator on a note, parol testimony is admissible to prove that it was taken in renewal of a former note, and to show what was the consideration of the first note, and also to show whether such note ought or ought not to be scaled on account of depreciated currency, etc. So the records of the probate court are competent to show that the debt has been inventoried, and also to show what had, and what had not been done by the executrix and guardian.

Error to the circuit court of Lowndes county.    Foote, J.

The plaintiffs in error assign the following errors:

1st. The court erred in overruling the demurrer to the defendant's first plea.

2d. The court erred in striking out defendant's second plea.

3d. The court erred in giving each of the charges asked by the plaintiffs below.

4th. The fith charge for the plaintiffs is mainifestly erroneous.

5th. The verdict was contrary to the evidence.

6th. The verdict was contrary to the law and the evidence.

7th. The court admitted for plaintiff, incompetent and irrelevant evidence.

8th. The court erred in refusing to grant a new trial.

9th. The court permitted plaintiffs to make testimony for themselves, as to the supposed probate court records.

10th. The witness, Christian, testified to a fact, incompetent, and tending to mislead the jury touching the memorandum of McKinney Irion.

*Houston & Reynolds*, for plaintiffs in error.

The note sued on is payable to Harriet E. Irion, guardian, etc., defendants pleaded that the note sued on was the property of Bessie Irion, ward of said Harriet E., and still a minor, and at the death of said Harriet, all her powers as guardian ceased, and that plaintiffs have no such interest in the note as to enable them to maintain this suit. Plaintiff traverse this plea, and say, that the claim for which the note was given, was the property of the estate of McKinney Irion, deceased, and came to the hands of said Harriet as his executrix, who took a renewal of it, payable to herself, as guardian of said Bessie, in contemplation of a settlement with the probate court, but died before it was effected. That she never reported said note as the property of Bessie, but left the estate and note to be administered, and proceeds to be divided and distributed according to law. To this replication defendant demurred, and the order of the court overruling the demurrer, is now assigned as error. The replication admits the material allegations of the plea, and we insist that the matter set up in evidence does not show title in said Harriet E. Irion, personally to the notice in suit, but only as guardian of said Bessie. Her failure to perform the contemplated duties as guardian, etc., cannot effect the title of the ward to the note now.

If, as stated in the plea, and admitted in the replication, the title to the note was in Bessie Irion, we deny that the administratrix of said Harriet E. Irion, the deceased guardian, can maintain an action upon it. Cocke v. Rucks, 34 Miss., 106, 107. This note grew out of a contract between McKinney Irion and the makers. He was legally entitled to the first note. But his executrix takes a new note to herself, as guardian, intending to make a future settlement for the ward. Then this note was not the property of either, McKinney Irion, or of Bessie Irion, the ward. The proceeds of the note could not be applied to the payment of the debts of said Harriet nor distributed among her heirs.

2d. The testimony of Hogan, Harrison, and Crusoe was improperly admitted. They were permitted to state conversations between them and Harriet E. Irion, in reference to the note sued on, not in the presence of the plaintiffs in error. It is a violation of the general rule of evidence, that a party shall not be allowed to make testimony for himself.

3d. The third charge given for defendants in error, is erroneous. The issue before the jury, was the title to the note sued on. If the jury believed that the note was the property of McKinney Irion, instead of being instructed to find for the plaintiffs below, they should have been charged to find for the defendants below.

It was also error to charge the jury that the burden of prooof was on the defendants below. The charge should have been the reverse, and that the *onus* was on the plaintiffs to establish the allegations of their replication. The other assignment of errors we will submit to the court without argument.

*Christian & Sykes*, for defendants in error.

The defendants in error are administrators of Harriet E. Hogan, deceased, and administrator *de bonis non* of McKinney Irion, deceased; they sue in this action in the former capacity. Plaintiff's replication to the first plea avers the legal title to the note to be in them as administrators of said

Harriet E. Hogan. As administrators *de bonis non* of McKinney Irion, they held the equitable title to it, but did not sue for the use of themselves as such administrator *de bonis non*, because the court could enforce only the legal title. The first plea averred the legal title in the note to be in Bessie Irion, the ward of Harriet E. Hogan, deceased. This averment is traversed by the replication; if the plea was a good one, the replication was also a good one. If the demurrer had been sustained, it would have reached back to the plea, and defendants cannot complain of an error in their favor.

We pass over the second assignment of error, and proceed to the third, which complains of the charges given for the plaintiffs below. Upon examination of these charges, it will be seen that the 1st and 2d have again and again been decided by the high court as the law, and the 3d and 4th are manifestly correct under the issue presented to the jury. But the giving of the 5th charge, is the error upon which the defendants seem most to rely. That charge was substantially, that the burden of proof was on the defendants to sustain their first plea, viz: That the plaintiffs were not entitled to maintain their action, because the title to the note was in Bessie Irion, a minor. The note on its face shows that the legal title was in Harriet E. Irion, who afterwards married John T. Hogan. The replication was a mere denial of the allegations of the plea, as to where the equitable interest lay, and not as to the legal title; that was fixed by law, and not subject to be changed by parol proof. The affirmative allegations are in the plea, the negative in the replication. But defendants say their plea was sworn to, and that that threw the burden of proof on the plaintiffs. We think there is no such rule of law. If it were so, then every special plea, by being sworn to, would throw the burden of proof on the defendants, and thus an entire change in practice be effected. The 4th and 5th assignments, as well as the 6th and 7th, requires an examination of the whole record, especially of the testimony of the witnesses.

There is nothing in the testimony showing that Bessie Irion was the equitable owner of the note. This case was prosecuted in a court of law, and the question arises, in whom was the legal title to the note? We say, in Harriet E. Hogan, in her life-time; and after her death, in her administrators. This suit might have been properly brought in the name of Hogan & Christian, administrators of Harriet E. Hogan, deceased, for the use of Hogan & Christian, administrators of McKinney Irion, deceased. But it is not error that it was not so brought. Upon these points, we cite the following authorities: Beard v. Griffin, 10 S. & M., 586, 590; Dowell v. Shepherd, 13 S. & M., 43; Field & Weir, 28 Miss., 56; Ackerman v. Cook, 34 Miss., 262; Cocke v. Rucks, guardian, 34 Miss., 105; Chambliss v. Vick, 34 Miss., 109; see also Carter v. Saunders, 2 How., 351; Laughman v. Thompson, 6 S. & M., 259; Trotter v. White, 10 S. & M., 609; Falls v. Wilson, 24 Miss., 168.

SIMRALL, J.:

Suit was brought in the circuit court of Lowndes county, by Hogan & Christian, as administrators of Harriet E. Hogan, deceased, against the plaintiffs in error, as makers of a promissory note for $9,703 04, dated December 3d, 1863, due 30th of April, 1865, payable to H. E. Irion, guardian for Bessie P. Irion.

Harriet E., the prayee of the note, married Hogan, and then deceased. The defendants pleaded that this note was the property of Bessie Irion, ward of the said Harriet E., and still a minor; and that at the death of said Harriet her powers as guardian ceased, and plaintiffs have no interest in the note to maintain the suit.

Replication to the plea was, that the note was given for a claim for the sale of the property of the estate of McKinney Irion, jr., deceased, and came to said Harriet E., as his executrix, who took the note payable to herself as guardian, in contemplation of a future settlement in the probate court, but died before it was made. That she never reported the

note as the property of said Bessie, or made any report or settlement in regard to the estate, but left said note to be distributed and dealt with according to the rights of parties entitled thereto. To the replication there was a demurrer, which was overruled, which is the first error assigned.

The general principle is agreed by counsel on both sides, that courts of law only take cognizance of the legal title; that whether the suit be for the recovery of tangible property or choses in action, the plaintiff cannot make for himself, a status in a court of law, except he come with the legal title. The enforcement of equitable titles and interests belong to another tribunal.

In Dowell v. Brown, 13 S. & M., 46, the note, payable to order, was transferred by delivery, but after suit brought, was indorsed by the payee. It was held that this did not cure the defect in the plaintiff's title, for, as said, " he must have a legal right of action at the time he brings his suit." It was then claimed that the plaintiff ought to have been permitted to put her note in evidence under the common count. This was denied, for, " it would be a departure from principle to hold, that one who has the mere equity in negotiable paper, and cannot sue at law, may, nevertheless, sue at law in *indebitatus assumpsit*, and sustain his action by giving the instrument in evidence."

So rigid is the rule, that it was said by the court, in Field v. Weir, 28 Miss., 67, that it was extremely doubtful whether a suit by the nominal plaintiff, and not for the use of one assuming to hold the equitable title, could be defeated by showing that the equitable title was in another. " On the contrary, it has been holden that such defense was not maintainable," (citing) McHenry v. Bidgly, 2 Scam, 308; Chadrey v. Lewis, 1 Gilman, 153.

In Carter v. Saunders, 2 How., 851, it was held that the note, payable to Saunders, " administrator of the estate of B.," was properly sued by Saunders individually, and judgment in his own right, was well rendered. So are the cases of Laughman v. Thompson, 6 S. & M., 259 ; Trotter v. White, 10 S. & M., 607, and Falls v. Wilson, 24 Miss., 168.

Cook et al. v. Rucks, guardian, 34 Miss., 106, does not militate against the cases cited, at least so far as the point under consideration, is concerned. In that case suit was brought upon a written obligation, payable to said Hunter, guardian of the heirs of James Hunter, deceased, by James T. Rucks, who, upon the death of said Hunter, was appointed guardian.

The question was, whether Rucks could maintain the suit. Before entering upon the reasoning, which conducted the court to the conclusion that Rucks could sue, they used this prefatory language: "We will not controvert the position that the suit might have been sustained by Hunter's administrator, if, in fact, there is one."

Where there has been an equitable assignment, a court of law will allow the assignee to use the name of the holder of the legal title to sue for his use, and will not permit the suit to be controlled by the nominal plaintiff. In this case there is no controversy between the parties having the equity to the fund, and the plaintiff. There is no complaint or suggestion by them, that any improper use will be made of the judgment or its fruits. And it may be well brought into doubt whether the makers of the note, in a suit at law, on the paper, can bring that subject into litigation for their defense.

We are well satisfied that the authorities which we have examined go to the full extent of sustaining the right of the plaintiffs to bring the suit, and there is no error in overruling the demurrer.

The second error assigned, was striking out the second plea. The plea presented no defense to the action, and was frivolous.

It was in testimony to the jury, that the original debt, for which the note was given, was due to McKinney Irion, jr., of whom, Harriet, his widow, was executrix, and that she never made an inventory, or any settlement in the probate court, and that the will of her testator gave three-fifths of his estate to her, and two-fifths to his daughter Bessie, so that the plaintiffs, as administrators, represented three-fifths of

the equitable interest in this debt. These plaintiff's were also administrators *de bonis non* of the estate of McKinney Irion, jr., and had reported this note to the probate court, as the property of the estate of said McKinney. Since the suit had been brought, E. S. Sykes has been appointed guardian for said Bessie, but he never had possession of the note, nor had it ever been passed or delivered to him.

We perceive no objection to this testimony. The records of the probate court were competent to prove that the debt had been inventoried, and also, what had been, as well as what had not been done, by the said Harriet, as executrix and guardian. It was competent to prove the origin of the debt, and its novation into the note in suit, for the purpose of determining whether the debt ought, or not, to have been scaled, on account of the then depreciated currency; for the like purpose, the testimony of Harrison Crusoe was admissible.

The record is silent as to the grounds of the exceptions to the testimony of Christian. If it be that he was proving the contents of a paper, in the absence of the paper itself; if that had been stated as the reason, in the circuit court, the paper might have been produced. The paper itself, under the pleadings, was competent evidence, as tending to show the origin of the debt. We do not feel at liberty to say that the evidence was incompetent, because secondary, unless the exception in the circuit court, was for that reason.

The law requires that the objection to evidence should be specific, so that the court of revision may understand precisely for what cause it was made. If it be that it is secondary, it should so appear in the record.

Where a witness, in the course of his narrative, states a number of facts and conversations, and the record shows a general objection to the whole body of his testimony, it would be going very far for this court to reverse because there were some matters deposed to which were inconpetent or irrelevant. Perhaps if the attention of the *nisi prius* court had been specially directed to the objectionable statements, the remedy would have at once been applied.

The instructions granted at the prayer of the plaintiffs, accord with the views hereinbefore expressed. Those which were asked for by the defendant are not in the record.

Wherefore, the judgment of the circuit court will be affirmed.