## B. D. ANDERSON *v.* W. W. LELAND, use, etc.

1. PLEADING — EVIDENCE UNDER GENERAL ISSUE TO SHOW WANT OF TITLE IN PLAINTIFF ADMISSIBLE. — Under the plea of *non assumpsit*, not sworn to, evidence is admissible to show that neither the nominal plaintiff nor the usee had any interest in the demand sued on at the commencement of the action.

2. SAME — SAME — WHAT GENERAL ISSUE, WITHOUT AFFIDAVIT ADMITS, AND WHAT IT DOES NOT. — A plea to the action admits the "artificial character," or "representative capacity" in which the plaintiff sues, and dispenses with proof of that, but does not relieve against the necessity of maintaining the cause of action, which is put in issue by the plea. The general issue under our statute traverses every other allegation of the declaration. except the character in which the plaintiff sues.

ERROR to the circuit court of Pontotoc county. CARR, J.

The facts of this case, out of which arose the particular question discussed and decided by the court, sufficiently appear in the arguments of counsel and the opinion of the court.

*G. L. Potter*, for plaintiff in error.

Defendant in error sued on an open account, and the pleas were *non assumpsit* and payment. Anderson, the defendant, offered evidence to prove that neither Leland

nor his usee had any interest in the suit, and also that Leland was a discharged bankrupt. The court excluded the evidence upon the ground that it was not admissible under the pleadings. As we learn, the idea was, that as the usee sued in that character, his right of suit could not be denied except by a plea sworn to. It was assumed that the evidence offered was a denial of the character in which the plaintiff sued, but this point is directly decided, and the fallacy of the proposition is shown in the case of Hasting, use, v. Lake, 24 Miss. 490. It was there decided that such proof might be made, under the general issue not sworn to, and that such a case was not within the statute requiring a sworn plea when "the description of character," etc., was contested. That case, decided in 1852, was under a statute similar to the provisions in the Code of 1857. But our late Code contained a rule not adopted when that case was tried, and that rule only can cause any doubt in this case. It required the defendant, who might desire to prove, under the general issue, "any affirmative matter in avoidance, which by law may be proved under such plea," to give notice thereof in writing annexed to such plea. Code, 493, § 97. As the suit was *assumpsit* on an open account, the general issue was a denial that defendant owed to Leland the account sued on. The fact of indebtedness to him, as legal holder of the account, was put in issue by the plea, and any proof that sustained such denial was admissible under the plea. This was not a case within the Code of 1857, inasmuch as the proof offered to show that Leland was not legal owner, was not "affirmative matter in avoidance." Prior to that Code, a defendant might, in such a case, prove full payment under the general issue, and such proof would be "affirmative matter in avoidance." As in Hastings, use, v. Lake, so here, the legal title must be in him who, in this state, is called "the nominal plaintiff," or the suit must fail. But here the right of the usee may also be questioned. He is the person to receive the benefits of the recovery, and the courts of law recognize and protect

.his equitable interest.  And if that interest be in a third party, he must be made usee in the suit, or it must fail; that is, the court will not maintain a suit in favor of a false usee, when another has the beneficial interest.

The proposed proof of bankruptcy was, doubtless, affirmative matter, but it may be regarded as a suggestion offered to be proved, of such bankruptcy, coupled with proof that the alleged usee had no interest.  Upon such a suggestion of bankruptcy, which here was not denied, the court would not permit the suit to proceed without notice to the assignee, and especially not, when the pretended usee had disclaimed all interest.  The pretended usee had admitted that he had no interest, and that the use of his name was a sham.

If the court shall reverse the case only for want of replication to the plea of payment, and shall hold that notice of the matters offered to be proved should have been annexed to the general issue, then we ask that leave be granted to annex such notice ; and we desire such full decision as will save further litigation, with leave to put the pleadings in proper shape for the proposed defense.

The case of Beard v. Griffin, cited for defendant in error, is not in point, as it speaks of an assignment, nor does the case of Moore v. Anderson cover the question, and both cases are anterior to the case of Hastings, use, v. Lake, and are overruled by it so far as they conflict.

*J. W. Thompson,* on same side.

The plea relied on by plaintiff in error is the general issue.  The point of defense made by defendant Anderson was and is that the plaintiff and usee, Miller, had no interest in the account or cause of action sued on, and as to the interest of the usee, Miller, defendants offered to prove by the admissions of Miller, usee, that he had no interest in this suit or the cause of action sued on.  The court ruled that this proof was not admissible under the general issue, and ruled out the depositions of W. L. Anderson on this

point, which is the first error assigned by counsel for plaintiff in error. See 7 How. (Miss.) 347 to 354, 355, 356. The interest or ownership of Leland, or Miller, or of Leland, use of Miller, is a question of fact for the jury to determine, without which plaintiff could not recover ; and yet the court refused to let this clearly necessary legal and .competent evidence go to the jury.

This ruling of the court, in rejecting the depositions of W. L. Anderson, is manifestly erroneous ; a party plaintiff cannot recover if he has no interest in the cause of action. See case of Netterville & Boyd v. Stevens & Pillett, 2 How. (Miss.) 645, 646–648. These plaintiffs, or W. W. Leland, use of Miller, seeks to recover in his own right, against defendant Anderson, who offered to prove, under the general issue, that Leland had no interest, in the cause of action sued on, and the court, upon what principle we are at a loss to conceive, ruled that testimony on this question of interest, was inadmissible. The court say : "It is certainly an undeniable position, that he who seeks to recover must have an interest in the subject-matter of the suit, and if he have no interest it is difficult to perceive how he can sustain the character of plaintiff in a court of law or equity, where a recovery is sought in his own right." 2 How. 646 ; 24 Miss. 490. Defendant, Anderson, then offered to prove by W. W. Leland, plaintiff, that neither he nor Miller had any interest whatever in the cause of action sued on, and this evidence was ruled out by the court, which ruling of the court is excepted to by defendant, and assigned as a second cause of error. Defendant offered to prove, but was refused, that the interest in and right and title to the account sued on, was the property of another, and was not owned by plaintiffs, or either of them, and that neither the nominal plaintiff nor the usee had any interest in said cause of action. See same authorities above cited. See, also, 10 Smedes & Marsh. 586 ; 11 ib. 452 ; 13 ib. (13), 43 ; 1 Gill & Johns. 175 ; 3 Wheat. 183.

*Houston & Reynolds*, for defendant in error.

I. Was the exclusion of the testimony offered to show that Miller, the usee, had no interest in the account sued on, error ?

The action was brought by Leland for the use of Miller. The character of the parties suing was that of "nominal plaintiff," Leland, and usee, Miller, and was not denied by plea verified by affidavit. Without our statute, under the plea of *non assumpsit*, plaintiff in the court below would have been required to prove the character in which the parties sued. But, by the statute, "in no case shall it be necessary to prove the identity or names of persons, or description of character, etc., which may be set forth in the pleadings, unless the same be denied by special plea, verified by oath or affidavit. Code of 1857, 518, art. 237. The statute not only dispensed with the proof of the character of the parties suing, unless denied under oath, but more, the defendant, by not denying the character under oath, admitted it, and could not make it an issuable fact during the trial. The statute in Howard and Hutchinson's Code was the same as in the Code of 1857, and has been construed by this court. Moore v. Anderson, 3 Smedes & Marsh. 325.

In the case of Moore v. Anderson, the action was brought by the payee, in a bill single for the use of a third person, against the maker. To the declaration the defendant pleaded a want of interest in the note sued on in the usee, which plea was verified by affidavit. Plaintiff moved to strike out the affidavit to the plea. The circuit court refused to strike out the affidavit, but ruled that the burden of proof was not affected by it, but remained on the defendants. On writ of error to the high court of errors and appeals, it was decided that "the affidavit was made in obedience to the statute, which declares, that all pleas to the action shall be deemed to admit the parties and the character of the parties suing, unless the description of the character be denied by plea attested by oath." To the same effect is Beard v. Griffin,

10 Smedes & Marsh. 589.   In this case the court held, that
where the defendant denies the character in which a party
sues, he must do it by plea under oath, but that it was not
necessary in the case, because there was no averment of
title by assignment.   Under the statute and the authorities
cited, the pleas to the action admitted the character of the
parties suing, and the testimony offered to show that Miller
was not usee was properly excluded.

II. Of course it was not competent to prove that Leland
had no interest in the account.   The action was brought for
the use of Miller, and the transfer to him divested Leland's
interest.   The real party in interest was Miller.   The decla-
ration was an admission of record that Leland had no
interest.

SIMRALL, J. :

Suit was brought by W. W. Leland for the use of Miller
to recover a sum of money, due by open account, for goods
sold and delivered.   On the trial the defendant offered testi-
mony tending to prove that neither Leland nor the usee had
interest in the subject of the suit.   The refusal of the court
to admit the testimony was the ground of the motion for
new trial, and is the first assignment of error in this court.
We have recently examined the general subject, and there
cannot be a doubt that the plaintiff, in a court of law, must
be clothed with the legal title to the chose in action, other-
wise he cannot recover.   That court will not entertain a suit
founded on an equitable interest, except if the nominal
plaintiff dies, the suit as to him may be abated, and may
be continued to judgment by the lessee.   The evidence
rejected by the court was to the effect that the nominal
plaintiff had no interest, nor had the usee, in the debt sued
for.   We understand the object was to prove a divestiture
of interest out of Leland ; that is, that he had parted with
all right, legal and equitable ; and further, that Miller had
no beneficial interest, but that the debt belonged to some-
body else.   This was competent testimony (Netherville &

Boyd v. Stephens & Pillett, 2 How. 645 ; Anderson v. Patrick, 7 ib. 354 ; Lake v. Hastings, 24 Miss. 495)) ; unless the pleadings were such as made it inadmissible.   For the defendant in error, while the general proposition is admitted that the plaintiff must have a "legal right" to the chose in action, it is insisted that testimony showing a want of "right" cannot be admitted to the jury, except upon a plea supported by affidavit, denying the character in which the plaintiff sues.   The statute of 1836 embraced in the Code is, "all pleas to the action shall be deemed and adjudged as admitting parties and the character of the parties suing, and in no case shall the plaintiff or the complainant be required to prove   *   *   *   identity of person or description of character, or persons composing any partnership "unless denied by plea verified by oath."   In Reid v. Railroad Co., 4 How. 262, it was held, that the plaintiff, by plea of general issue sworn to, was put upon proof of its character as a corporation.   It was said "the plaintiff sued in an ' artificial character,' and falls directly within the provisions of the act."   Vick's Water Works & Bank Company v. Washton et al., 1 Smedes & Marsh. 539.   The object of the plea was to call in question the "corporate character of the plaintiff, and to require proof of such character."   In Moore v. Anderson, 3 ib. 324, the plea under oath was, "that Willis, for whose use the suit was brought, had no right, title or interest in the note."   The question discussed and adjudicated by the court was upon whom was the "burden of proof."   The circuit court decided that the "*onus*," notwithstanding the affidavit, was upon the defendant.   It was ruled, however, on writ of error, "that under the issue the plaintiff must prove that he had an interest in the note before he could recover."   He was put in the condition he would have occupied if the statute had never been passed.

In Beard v. Griffin, 10 Smedes & Marsh. 589, the pleadings were like those in the case last cited.   The obligee had deceased, and there was no legal representative ; after his death, the writing obligatory was sold to Tyer by Cowan,

who had been the book-keeper of the deceased. After stating that the legal title never passed out of Andrews, the deceased, the court adds : "The plaintiff does not derive title by assignment from the payee ; the plaintiff could not be required to deny on oath that the plaintiff was such assignee, since there was no agreement to that effect." Anderson v. Patrick, 7 How., was decided in 1843. In that case, the testimony was admitted under pleas not sworn to. In Lake v. Hastings (1852), evidence was admitted to show "title" to the note to be out of the plaintiff, and such testimony was competent, but under what state of pleadings the report does not show. 24 Miss. 495. (Upon reference to the original record, it appears that the only issue for the jury was *non assumpsit*, which was not sworn to). In Dowell v. Brown, 13 Smedes & Marsh. 45, the proof was that the note, payable to S. S. Prentiss, was transferred to Brown & Johnson by Prentiss' agent, by delivery, but after suit brought, the payee placed his name on its back, as indorser. Here evidence was admitted to show that the plaintiff was not "legal" owner. The allegation of the declaration was, that " S. S. Prentiss caused said note to be indorsed and delivered to the plaintiff."

The difficulty is, as to the scope and extent of the statute, " what is meant by admitting the parties and character of the parties suing." Does that member of the sentence embrace more than is included in the succeeding words : "identity of persons, or description of character or persons composing a partnership," are admitted unless denied by plea, etc. In the case reported in 4 How., *supra*, the plaintiff was said to fall within the provisions of the act, "because he sued in an artificial character," as a corporation. So it would be if he sued as executor, administrator or guardian. In each instance he presents himself in a capacity other than his personal individuality. Proof cannot be made that the plaintiff is not the "artificial being" or "representative character" that he claims to be unless denied by plea and affidavit. But while this is so the general issue

traverses every other allegation of the declaration. In the suit at bar the plaintiff does not claim as an "artificial or representative" personage. He sues in his "individual" right; Leland, as having the legal title, Miller, as owning the beneficial interest. The plea controverts the claim made against the defendant. The "character" of plaintiffs was no more put in dispute by the plea than *non detinet* puts the character of the plaintiff in issue in detinue. Under this plea plaintiff must prove property in himself and a detention by defendant. So in *non assumpsit*, whether the title counted upon be as payee or indorsee, he holds the affirmative of the issue and must prove it. The production of the note in evidence makes out the case most generally. If the suit be by the executor or administrator, *non assumpsit* admits the plaintiff's character as such, and dispenses with the production of evidence of appointment to the trust; but it puts the plaintiff in all other respects on the proof of his right of action.

It may be impossible to reconcile the case of Moore v. Anderson, 3 Smedes & Marsh., with the antecedent and subsequent cases already referred to. But when carefully analyzed it goes no further than to hold that the plea and affidavit shifts the burden of proof from the defendant to the plaintiff; hence it was said, "he was in the condition he would have been if the statute had not been passed." The court did not say that, under the general issue simply, the defendant was precluded from showing a want of title in the plaintiff. If that doctrine had been announced it would have been in antagonism with several of the decisions.

Without pursuing the subject further, we are of opinion that the rejected testimony ought to have been admitted.

Judgment reversed, and a *venire facias de novo* awarded.