St. Paul Fire & Marine Ins. Co. *v.* W. H. Daniel Auto Company.

[83 South. 807, In Banc. No. 20906.]

Parties. *Plaintiff must have legal title of choses in action at institution of suit.*

> Plaintiff, in a court of law, in order to maintain a suit upon a chose in action must have the legal title to the same at the time he brings his suit and where the evidence showed that he did not acquire the title until two days after the suit was brought, the court should have given a peremptory instruction for the defendant.

APPEAL from the circuit court of Harrison county.

HON. CHAS. L. RUSHING, Judge.

Suit by W. H. Daniel Auto Company against the St. Paul Fire & Marine Insurance Company. From a judgment for plaintiff defendant appeals.

The facts are fully stated in the opinion of the court.

*R. L. McLaurin,* for appellant.

Under the head of "First: The date of the assignment," counsel for appellee discusses our assignment of error to the effect that the record shows without dispute that at the date of the institution of the suit herein, September 7, 1918, there was no right of action in the plaintiff appellee here.

Counsel then says that this point was not made in the lower court "for the simple reason that counsel knew it could be met there instantly."

A request for peremptory instruction as we have always understood it, searches the whole record, and certainly it would search the record to the extent of calling the attention of the court to the fact that the record showed that there was no right of action in the plaintiff when the suit was filed.

The fact is, and counsel will not deny it, that this question was debated before the court at the time the peremptory instruction was refused. It can hardly be said to be a question that was debated, as there is but one side to it. The court below overruled in open court the several peremptory instructions as shown by the record, and in doing so held: "That the assignment of the contract before suit was filed was not necessary," a decision which at least possesses the charm of novelty.

Appellees second proposition is: Second: "A further reason to say there is nothing in the proposition is that the assignment was not at all necessary to the

maintenance of the cause of action." In support of this proposition counsel for appellee cites the language of the writer in his brief in the Stewart case.

The court will quickly perceive the difference in the facts in the two cases. In the Stewart case and in the several other cases cited by counsel in this connection there was in every policy therein involved either a full mortgage clause of the form provided by statute and commonly known as the "Union Mortgage Clause" or the "Standard Mortgage Clause" or a "Loss Payable Clause" in favor of the mortgagee.

In this case the mortgagee, Daniels, or the party who held the vendor's lien notes which this court has held is equivalent to a mortgage, had no policy runnng directly to him, nor did he have a mortgage clause or a loss payable clause inserted in the policy here, in question which was made payable to Thurman, the vendee of the automobile which was burned.

There is no pretense that such was the case, and the record shows affirmatively that the rights of the Daniel Auto Company, whatever they are, are bottomed entirely on Thurman's assignment to Daniels, and the right of action herein sought to be availed of is based on said assignment. This right of action was dated and acknowledged September 9, 1918, while the suit was filed September 7, 1918.

Counsel in his brief, page 3, says: "It will be seen from reading the assignment, it is nothing more than a quit claim of any interest Thurman might have had in the policy which he did not know had ever been taken out, but which he was informed by Daniels would be taken out for Daniels."

We hope the court will bear that part of this statement in mind, that is, "which he did not know had ever been taken out."

The record sustains this fact, and it shows that the mind of the parties never met and therefore there could

never have been created the contract here sued on or the document here sued on which is claimed to be a contract, for the contract was not valid and we think we have demonstrated this fact in our original brief, that Thurman had nothing he could assign.

· But let us return. In the next line counsel for appellee in his brief said: . "But which he was informed by Daniels would be taken out for Daniels." That is, appellee here claims that Thurman says that he was informed by Daniels that he, Daniels, would take out insurance "for Daniels." The court will look in vain for any such statement in the testimony of Thurman or in other testimony to be found in this record.

Counsel contends that it was not necessary for the contract sued on to have been in writing, and contends that a parole assignment would be sufficient, citing Joice on Insurance, sec. 2322, and *Blewett* v. *Maryland Insurance Co.* Fed. Cases No. 1321. We have not had access to this authority, but we are content to stand on the statute in this state and the decisions in his state already cited in our recent brief. See Hemingway's Code, secs. 496 and 497.

We cannot take issue with counsel as to what appellee would have shown if objection would have been made. This court will deal with the record as it is, not with what it would have been. We imagine. We confess our inability to understand just what section 808, Code of 1906, the Statute of Jeofails, section 718, Code of 1906, the right of assignment of a chose in action after suit has been filed, or section 722, Code of 1906, nonjoinder and other matters cited by plaintiff have to do with this case.

Surely counsel for appellee just here must be hard pushed. We will not debate the question of the case previously cited to the effect that plaintiff must be in possession of a right of action when the suit is filed in order to maintain suit being obsolete. We cited cases

old and new.  None of them have ever been overruled that we are able to discover.  We agree that "appellant will never have to pay Thurman over again," nor should he, under his assignment, ever be paid anything under this contract in the first instance.  ·

We insist that the judgment of the lower court in this case should be reversed and judgment here entered for defendant.

*White & Ford,* for appellee.

First:  The date of the assignment.  This was not raised in the lower court for the simple reason that counsel knew it could be met there instantly; a further reason to say there is nothing in the proposition, is that the assignment was not at all necessary to the maintenance of the cause of action.  It is true Mr. McLaurin says in his brief in this case that the mortgagee cannot sue and that the assignment of the policy was necessary, but how different his statement in a recent hard fought case in this court where he says that: "It is settled by the decisions of this court that (the right of the mortgagee under the policy) constitutes a separate and independent contract, a contract, upon which the mortgagee can maintain a separate action without the advice, consent, or assistance in any manner whatever of the original assured."  See his brief on suggestion of error in *Stewart* v. *Coleman & Company,* 81 So. 653.

It cannot be said that the policy need specifically make it payable to the mortgagee because section 2596 takes care of that part of it. *Bacot* v. *Insurance Co.,* 96 Miss. 223; *Insurance Co.* v. *Lumber Co.,* 116 Miss. 836; Joyce on Insurance, sec. 1031, and extensive note.

The declaration charges that the policy was taken out to protect Daniels Auto Company and Thurman.  The assignment from Thurman was obtained for the pur-

pose of preventing technical objections being raised but it seems to have increased them. It will be seen from reading the assignment, it is nothing more than a quitclaim of any interest Thurman might have had in the policy, which he did not know had even been taken out, but which he was informed by Daniels would be taken out for Daniels.

Now as a matter of pleading, if this discrepancy in dates was a material defect, a demurrer should have been filed; no objection was made to the character in which plaintiff sued, whether as assignee or not, no plea in abatement was filed; it was offered in evidence without the slightest objection, in addition to being made an exhibit to the declaration. Counsel knew the objection could be at once met by amendment, or if necessary by nonsuit, but he chose to set a trap, to seek to get the benefit of such a defense without its consequences. It is not necessary that such an assignment be in writing. Joyce on Insurance, sec. 2322; *Blewett* v. *Maryland Ins. Co.,* Fed. Cases No. 1321.

Therefore, if objection had been made we could have shown an oral assignment. Counsel cite some cases where promissory notes were sued on, the plaintiff not having acquired the note at the time of suit, and having no interest therein and the court held that proper objection having been raised at the proper time, the cause was not maintainable. These are old, obsolete cases, decided under the common law, when every failure to dot an "i" or cross a "t" was fatal. We submit the proposition is without merit. Secs. 808, 718, 722, Code 1906, and cases cited under these sections.

We respectfully submit that the 'cause should be affirmed.

COOK, J., delivered the opinion of the court.

Inasmuch as we have reached the conclusion that this case must go off on one assignment of error, we deem

it unnecessary to state the detailed pleading and evidence presented to the trial court.

The suit is based upon an alleged assignment of a certain fire insurance policy to the Daniel Auto Company. It appears that the appellant, a fire insurance company, wrote a policy insuring a certain Maxwell automobile and its extra equipment. The property insured was consumed by fire and Thurman, the owner, assigned his claim to the appellee. Appellee brought a suit against appellant on the alleged assignment. The declaration was filed September 7, 1918. The assignment of the policy was made on September 9th, two days after the suit was instituted. No special plea was filed to the declaration, but when the evidence was all in the defendant insurance company asked the court to instruct the jury to return a verdict for the defendant. This instruction was asked upon the theory that the evidence showed conclusively that the plaintiff did not own the right of action at the time the suit was instituted. So the precise point for our decision may be stated this way:

Was the right of action in the plaintiff when the suit was filed, and, if not, could this point be availed of by the request for a peremptory instruction under the general issue alone?

It seems clear enough that the plaintiff in a court of law, in order to maintain his suit, must have the legal title of the chose in action at the time he institutes his suit. This principle is axiomatic. The evidence must affirmatively show this fact. It would not be contended that the plaintiff could recover when it appears that he had transferred the chose in action before the trial. In the present case the evidence conclusively established the fact that the plaintiff acquired the chose in action on September 9th, and the record discloses that the suit was begun two days before this date. In this state of the record a peremptory instruction should have

been given directing a verdict for the defendant. *Eckford* v. *Hogan,* 44 Miss. 398; George's Digest, title, Action, p. 4.

Other questions are presented by the record, but as the point discussed puts the plaintiff out of court we do not think it necessary to discuss them.

*Reversed and remanded.*