MARTIN *v.* YAZOO DELTA MORTGAGE CO.*

(Division A.   April 9, 1928.)

[116 So. 542.   No. 26971.]

*Corpus Juris-Cyc. References: Bills and Notes, 8CJ, p. 947, n. 78; p. 1006, n. 13; p. 1054, n. 67; Pleading, 31Cyc, p. 528, n. 14; p. 533, n. 16.

*Maynard, FitzGerald & Venable,* for appellant.

140

*Roberson & Cook,* for appellee.

McGOWEN, J. Appellee, the Yazoo Delta Mortgage Company, as liquidating agent for the Planters' Bank of Clarksdale, Miss., suing for the sole use and benefit of said Planters' Bank, filed its declaration against J. A. Martin, seeking a recovery in the sum of six thousand six hundred sixty-six dollars and sixty-seven cents, with interest and attorney's fees, the basis of said suit being three notes executed by Martin, aggregating said sum and payable to the order of the Planters' Bank of Clarksdale, Miss.

Judgment for the plaintiff, on a peremptory instruction, was rendered in the court below, and Martin, defendant in the court below, appeals here, assigning several errors; but we shall notice only one.

On the trial of the cause, the plaintiff, appellee here, introduced the three notes payable to the order of the Planters' Bank, signed by Martin, and rested. The notes, as exhibited, contained no indorsement whatever. In other words, they appeared, on their face, to be the property of the Planters' Bank of Clarksdale, Miss., and it did not appear from the evidence that the Yazoo Delta Mortgage Company had any sort of title to said notes.

The peremptory instruction should not have been given for the plaintiff in this state of the record.

The appellant, defendant in the court below, filed a plea of the general issue, which, under the general rule, put in issue plaintiff's title to the property, and plaintiff made no effort to show any right of action in it. True it is that it was alleged in the declaration that it was the liquidating agent of the Planters' Bank, by appointment of the chancery court, but this allegation of its official character was not put in issue by the general issue plea, because there was no sworn plea filed by the defendant in the court below, in accordance with section 1706, Hemingway's 1927 Code (section 1974, Code of 1906). The official character of the plaintiff is one thing,

and the right to bring action, title to the cause of action, is quite another thing.

The title to the note must be shown by assignment, in writing, or by decree of a court, no statute being cited to us as conferring title and power to sue herein. The burden was on the plaintiff, and, while, ordinarily, the introduction of the notes would have met this burden, yet the notes involved in this suit were negotiable instruments payable to order, with no indorsement thereon by the Planters' Bank, or anybody else, so that the proof offered showed clearly that the plaintiff, the Yazoo Delta Mortgage Company, had no title thereto, and if judgment had been rendered in favor of the defendant in this suit, the Planters' Bank would not have been barred as a result thereof.

The plaintiff not only did not prove its case, but declined to permit the defendant to prove same for it. The case of *Anderson* v. *Leland,* 46 Miss. 290, is in point, and controls here. Likewise, *St. Paul Fire & Marine Ins. Co.* v. *Daniel Auto Co.,* 121 Miss. 745, 83 So. 807; *Eckford* v. *Hogan,* 44 Miss. 398; *Anderson* v. *Patrick,* 7 How. (Miss.) 347; *Bingham* v. *Sessions,* 6 Smedes & M. 13; 8 C. J. 910, section 1195; *Saenger Amusement Co.* v. *Murray,* 128 Miss. 782, 91 So. 459.

As it is obvious that appellee, plaintiff in the court below, confuses the character of plaintiff as compared with the right and title of plaintiff, we think the case should be sent back for another trial in order that justice may be done.

*Reversed and remanded.*