THE GOYER SUPPLY COMPANY, INC. *v.* BELL

No. 42514          January 28, 1963          149 So. 2d 351

*Horace L. Merideth, Jr.,* Greenville, for appellant.

*Philip Mansour,* Greenville, for appellee.

LEE, P. J.

The Goyer Supply Company, a corporation, sued George H. Bell in the County Court of Washington County to recover $530 and interest and ten percent attorney's fees on account of a note in that amount. A copy of the note was attached as an exhibit. It showed that the note was payable "to the order of THE GOYER SUPPLY COMPANY (Owned and Operated by The Goyer Company)."

The defendant denied each and every material allegation of the declaration.

There was a judgment in the county court for the defendant. On appeal, the circuit court reversed the judgment and, on a trial de novo there, at the conclusion of all of the evidence, it granted a peremptory instruction for the defendant, on the ground that the plaintiff failed to allege or prove any right, title, or interest in the note sued on in the case. From the judgment there entered, the plaintiff appealed to this Court.

The only question on this appeal is whether or not the court erred in granting the directed verdict for the defendant.

(Hn 1) The note was payable "to the order of THE GOYER SUPPLY COMPANY (Owned and Operated by The Goyer Company)." The Goyer Company was a corporation at that time, and the Goyer Supply Company was only a subsidiary or part of that corporation. Subsequently, on October 2, 1959, The Goyer Supply Company was incorporated. But there was no endorsement or transfer or assignment of the note by The Goyer Company to The Goyer Supply Company, a corporation, which was the plaintiff in this cause. So far as this

record is concerned, the note is still owned by The Goyer Company.

In St. Paul Fire & Marine Insurance Company v. W. H. Daniel Auto Company, 121 Miss. 745, 83 So. 807, the appellee brought its suit on September 7, 1918; but Thurman, the owner of the property which was destroyed by fire, had not assigned his claim to the appellee until September 9, 1918. The Court held that a peremptory instruction should have been given for the defendant. The opinion said: ''It seems clear enough that the plaintiff in a court of law, in order to maintain his suit, must have the legal title of the chose in action at the time he institutes his suit. This principle is axiomatic. The evidence must affirmatively show this fact. It would not be contended that the plaintiff could recover when it appears that he had transferred the chose in action before the trial.''

In Martin v. Yazoo Delta Mortgage Company, 150 Miss. 138, 116 So. 542, the appellee, as the liquidating agent for the bank, sued to recover a debt of the appellant to the bank which was evidenced by three notes. On the trial, the three notes, signed by Martin and payable to the bank, but without any endorsement whatever, were introduced in evidence. It did not appear from the evidence that the appellee had any sort of title to the notes. A peremptory instruction was given to find for the appellee. The opinion held that a plea of the general issue was the proper plea to put in issue the plaintiff's title to the property; that title must be shown by assignment; that the notes were negotiable instruments payable to order, and, without any endorsement, the proof showed that the appellee had no title; ''and if judgment had been rendered in favor of the defendant in this suit, the Planters' Bank would not have been barred as a result thereof.''

The same rule as to the propriety of the general issue plea to put in issue the validity of a note sued on is

stated in Dillworth v. Federal Reserve Bank, 170 Miss. 373, 150 So. 821. Cf. also Strider v. Calvert Fire Insurance Company, 226 Miss. 773, 85 So. 2d 183.

It follows therefore that the trial court was correct in directing the verdict for the defendant, and the judgment must be, and is, affirmed.

Affirmed.

*McGehee, C. J., and McElroy, Rodgers and Jones, JJ.,* concur.