Payne v. Potter.

## PAYNE v. POTTER.

| | |
|---|---|
| 9 | 549 |
| 113 | 431 |

| | |
|---|---|
| 9 | 549 |
| 143 | 109 |

1. AGENCY. A party dealing with an agent, acting under an express or special authority, whether written or verbal, is bound to know at his peril, the power of such agent, and the legal effect thereof, and any contract made with the agent without the scope of his authority, is void as to the principal.

2. SALE ON CREDIT BY AN AGENT. A special authority or direction to sell property, does not authorize a sale on credit, unless such credit is in accordance with the usages of trade, and is not beyond the usual period.

3. ONUS PROBANDI. In an action of replevin by the principal to recover the possession of property sold on a credit by an agent acting under

a special authority, the *onus* of showing that the sale was in accordance with the usages of trade, and that the credit was not unreasonable, lies upon the defendant, or vendee.

4. The weight of evidence tending to show the authority of an agent to sell the property of his principal, considered and determined.

## Appeal from Dallas District Court.

### WEDNESDAY, NOVEMBER 2.

REPLEVIN for a horse, alleged to be of the value of one hundred dollars. The cause was tried before a justice of the peace, and judgment rendered for the plaintiff. On appeal to the District Court, the right of property in the horse was found to be in the plaintiff. On the trial exception was taken by the defendant to the charge of the court to the jury, and to the refusal of the court to set aside the verdict and grant a new trial. All the evidence given to the jury, as well as the charge of the court, are embodied in a bill of exceptions taken by defendant.

The defense was that defendant had purchased the horse from one Brenton as the agent of plaintiff, and had executed his promissory note therefor, for $105, payable to plaintiff, in six months with interest. The plaintiff in reply denied that Brenton was her agent to sell the horse as alleged, and denied that she had received the note mentioned, or any consideration for the horse. On the trial, Allen, a witness, testified that " plaintiff said she had let Brenton have the horse to sell, or to buy himself, if he wanted him. I wished to try the horse; the plaintiff said if I would go to Brenton, she thought I could get the horse on time of Brenton. If I would go, I could get him so far as she was concerned." Mrs. Shephard, another witness, testified that she had a conversation with the plaintiff, in which she said that, " Brenton had sold the horse; that he did not get the money, but had received the note, and it would be good when it come."

The court charged the jury, that " if the defendant justified his possession by virtue of a purchase from the agent of

the plaintiff having authority to sell, he must show that the agent in making the sale complied substantially with the authority conferred. That an authority to sell the horse did not confer upon the agent authority to sell him upon time, and if the defendant in justification shows simply an authority to sell, he must in addition show that the sale was for cash; and it is not sufficient to show a sale upon time." Judgment for plaintiff, and defendant appeals.

*C. C. Nourse* for the appellant, contended that an agent may sell the property of his principal upon a reasonable credit, when he is not *restrained* by his instructions or by the usages of trade in the place where the property is sold; and in support of this proposition, cited *Goodenow* v. *Tyler*, 7 Mass. 36; Smith's Mer. Law. 141; and *Hapgood* v. *Bachellor*, 4 Met. 576.

*Casady & Crocker* for the appellee, argued that a special agent cannot sell the property of his principal intrusted to him for sale, on a credit, *unless authorized* so to do by the usages of trade, or by instructions from the principal, citing Story on Sales, section 70; Story on Agency, sections 77 and 126.

STOCKTON, J.—The first assignment of error is upon the charge of the court. The rule of law is that no man is bound by the act of another, without or beyond his consent; and where an agent acts under a special or express authority, whether written or verbal, the party dealing with him is bound to know at his peril what the power of the agent is, and to understand its legal effect; and if the agent exceed the boundary of his legal power, the act, as concerns the principal, is void. *Delafield* v. *State of Illinois*, 26 Wend. 193; Story on Agency, section 165. The power must be pursued with legal strictness, and the agent can neither go beyond nor beside it. The act must be legally identical with that authorized to be done, or the principal is not bound. 1 Am. Lead. C. 544, 545, note to *Rossiter* v. *Ros-*

*silir.* So it is held that an agent to whom a horse is given to sell for the principal, cannot deliver him in payment of his own debt, and the owner may recover the horse from a purchaser to whom he has been so delivered. *Parsons* v. *Webb*, 8 Greenl. R. 38.

And it is held that a special authority or direction to sell, does not authorize a sale on credit, unless commercial custom has given rise to such an understanding in some particular business. The question whether in such case a discretion to sell on credit is given, must depend on the authority in the particular case. In *May* v. *Mitchell*, 5 Humph. 365, a principal delivered to an agent three mules to be taken to the southern market, and to be sold for the best price that he could get, and the proceeds to be returned; the agent took them to the south and sold them on credit, and the purchaser proved insolvent; it was held that the agent was vested with a discretionary power to sell upon the best terms that could be procured according to the course of trade in that part of the country to which the mules were carried, and as this was proved to be on credit, the agent was held not to be liable to the principal.

Every general power necesssarily implies the grant of every matter necessary to its complete execution. *Peck* v. *Harriott*, 6 Serg. & R. 146. In the absence of special instructions to the contrary, and in the absence of such prescription as to the manner of doing the act, as implies an exclusion of any other manner, an authority or direction to do an act, or accomplish a particular end, implies and carries with it authority to use the necessary means and inducements, and to execute the usual legal and appropriate measures proper to perform it. And not only are the means necessary and proper for the accomplishment of the end included in the authority; but also, all the various means which are justified or allowed by the usages of trade. Thus (says Judge Story) if an agent is authorized to sell goods, this will be construed to authorize the sale to be made on credit as well as for cash, if this course is justified by the

usages of trade, and the credit is not beyond the usual period.  Story on Agency, section 60.

We think it results from the rules above laid down that the burden lay upon the defendant to show that the sale by the agent on credit was justified by the usages of trade, and that the credit given was not unreasonable.  Without such proof the authority of the agent could only be ⸢construed into an authority to sell for cash; and in this view there was no error in the charge of the court to defendant's prejudice.

The second assignment of error is that the District Court refused to set aside the verdict and grant a new trial.  The defendant in his answer averred that he purchased the horse for a valuable consideration, of one Brenton, the agent of the plaintiff.  The plaintiff denied that Brenton was her agent as alleged; and this was the issue joined.  The replication of the plaintiff is not a denial, that Brenton had authority to sell the horse on credit, but it is a denial that Brenton had any authority as her agent to sell.  Upon this she vested her right to recover the possession of the horse from the defendant.  If there was evidence from which the jury were authorized to infer that Brenton, as the agent of the plaintiff, had authority to sell the horse, and did sell him to defendant, their verdict should have been for the defendant; and this without reference to the question, whether as such agent he had authority to sell on credit or not; as no such issue was made or tendered by the plaintiff.

We think the testimony goes to establish the fact that the plaintiff had left the horse in the possession of Brenton with authority to sell him for her, if he did not choose to buy him himself.  There is no conflict of testimony.  It all goes to this point, that Brenton had authority to sell.  We think, therefore, that the District Court erred in refusing to set aside the verdict as against the evidence, and ordering a new trial.

The judgment will be reversed and remanded, with leave to the parties to plead anew; the costs in the District Court to abide the final result.

Judgment Reversed.