McGrath v. Vanaman.

ANNA R. McGRATH

v.

AMBROSE P. VANAMAN.

An agent who is authorized to sell standing timber has no implied authority to accept of a note of the purchaser, as part payment, made payable in three months to the order of the agent individually and in no manner disclosing his agency, and in such case the principal will be sustained in asking for a rescission of the contract.

On hearing on bill and answer.

*Mr. Gilbert Collins,* for the complainant.

*Mr. Henry S. Alvord,* for the defendant.

BIRD, V. C.

The complainant in this case entered into an agreement in writing with Hume, in and by which the former appointed the latter her agent, with power to sell and dispose of the timber (with certain exceptions enumerated) standing on a tract containing about eighteen thousand acres, at any time within the period fixed by the contract; he was authorized to cut timber in such quantities as he might deem expedient and sell the same.

At the time of entering into this agreement, by virtue of a previous agreement there was manufactured and unmanufactured stock on hand, which Hume, by force of the agreement which we are now considering, was required to sell and dispose of, and to pay certain amounts of the net profits to Mrs. McGrath. Hume agreed to keep

"accurate and correct accounts of all receipts on account of and from the profits in business upon said lands under this contract, and to render quarterly accounts of the same to the party of the first part, and to make such payments as shall be due to the party of the first part under the operation of this contract."

McGrath *v.* Vanaman.

By the agreement Hume was authorized to sell the said tract of land upon the terms mentioned in the said agreement, fixing the times within which and the prices per acre, adding these words, "all sales to be for cash," and any contract or contracts with purchasers to be submitted to the party of the first part for signature, and the same not to become binding until so signed by her, then fixing the commissions which Hume should receive for the last-named sales; and by the tenth paragraph of said agreement (the above provisions and others each being in separate paragraphs) power was given to Hume in the following terms:

"The party of the first part gives the right to the party of the second part (Hume) and authorizes him to sell standing timber upon the said tract at the rate of not less than $2.50 per acre for pine and other timber, and not less than $50 per acre for cedar, and the total sales not to exceed 1,500 acres in amount."

Hume sold to Vanaman, the defendant, the timber standing on one hundred and forty acres, a large portion of which area was covered with only an inferior growth of what is called "scrub" timber, according to the testimony of no merchantable value. There were at least seventy-seven acres of excellent pine timber. The price agreed to be paid was $500, $300 of which were paid in cash and $200 secured to be paid at three months by the note of Vanaman, given to the order of Hume individually.

This bill is filed for the purpose of rescinding this contract and restraining Vanaman from cutting and removing any of the said timber. Three principal grounds are alleged as reasons for these prayers—*first*, that a credit was given for $200 without any authority for that purpose; *second*, that the price was grossly inadequate; and, *third*, that the power of attorney under which Hume acted was not recorded.

First, as to the sale upon credit. The general rule is that an agent who is authorized to sell without more can only sell for cash. *Sm. Merc. Law 163; Mech. Ag. § 353; Woodward* v. *Jewell, 140 U. S. 247; Burks* v. *Hubbard, 69 Ala. 379; Payne* v. *Potter, 9 Iowa 549; Wiltshire* v. *Sims, 1 Campb. 258; Lump-*

McGrath v. Vanaman.

*kin* v. *Wilson, 5 Heisk. 555; School District* v. *Ætna Ins. Co., 62 Me. 330; Cummins* v. *Beaumont, 68 Ala. 204; Baldwin* v. *Merrill, 8 Humph. 132, 139.*

The language of this agreement is such, when considered independently of the note which was taken, and which bears evidence of the credit, as to present a reasonable doubt as to the validity of this objection to the sale. It will be seen by reading so much of the tenth clause of the agreement as is above quoted respecting the sale of real estate, that it was expressly provided thereby that "all of such sales should be for cash," whereas the following clause, as will be seen, which authorized the sale of standing timber, makes no mention whatever either of cash or credit. The fact that cash is expressly required in the former paragraph, and that no mention whatever is made of it in the latter, brings to the mind and gives emphasis to the familiar maxim " *expressio unius est exclusio alterius.*" *Broom Max. 414, *505; top, p. 418, *510.*

In *Hare* v. *Horton, 5 Barn. & Ad. 715, 721,* the court said: "And the grant is of the said iron foundry, together with the said dwelling-houses, warehouses &c.; after which nothing is said of the fixtures belonging to the foundry, but the deed goes on, ' together with all grates, boilers, belts, and other fixtures in and about the said two dwelling-houses, and the brew-houses thereto belonging.'" For there are three houses mentioned, and a grant of fixtures refers only to those in two, can it be said that those in the third will pass? The maxim " *expressio unius est exclusio alterius* " would apply. In this case the effort was made to include in the conveyance those articles which are commonly regarded as fixtures which were not named in the agreement, but which would have passed as fixtures had certain other articles which the law also regards as fixtures not been named. The court held that the articles not named were excluded from the conveyance because of the rule referred to. This very decisive case is not in harmony with the doctrine given by Parsons (*2 Pars. Cont. 28*) where he lays down the rule, saying:

McGrath *v.* Vanaman.

"If the parties expressly provided not anything different, but the very same thing which the law would have implied, now this provision may be regarded as made twice; by the parties and by the law. And as one of these is surplusage, that made by the parties is deemed to be so; and hence is derived another rule of construction, namely, that the expression of those things which the law implies works nothing."

Notwithstanding this the learned author, in a note to the phrase just quoted, says, "This is in accordance with the maxim '*expressio unius est exclusio alterius.*'"

The influence which is so generally if not universally given to the last-named maxim prompts me to hesitate in joining with the complainant in her efforts to rescind this contract simply upon the ground of want of authority in her agent to sell upon credit.

But there is another phase of the question arising out of the credit given which I find sufficient to justify the prayer of the complainant. The credit given was manifested by a note for $200, given to the order of Hume without in any manner indicating his agency. The time of credit was three months. The taking of this note in the name of another person than the principal is fatal to the transaction. To show this it need only be stated that with the knowledge of Vanaman, the purchaser, it was thus placed within the power of Hume, the agent, to sell, assign and transfer this note to whomsoever he would, and thus put it out of the power of the complainant to recover of anyone but the agent, or in case of the agent's death still holding the possession of the note, not only to postpone the collection of the amount due indefinitely but to the great risk of establishing its identity. This would certainly be so since Vanaman, the maker, would be justified in demanding the surrender of the note upon payment.

All will agree that this was an out-and-out conversion of the property of the complainant to the use of Hume, the agent, with the knowledge and by the active aid of Vanaman, the purchaser, for there is no pretence that Vanaman was ignorant of the agency of Hume.

Therefore I will advise that the contract be rescinded. Since the complainant has received part of the purchase-money, and the defendant, Vanaman, has cut and carried away parcel of the timber, there must be an accounting and the balance paid to the one in whose favor it appears to be.