# Cummins *v.* Beaumont.

*Statutory Action of Detinue for Piano.*

1. *Agency; contract of third person with agent.*—A person who deals with an agent, with knowledge of the agency, must, at his peril, ascertain the extent of the agent's authority.

2. *Same; purchase from agent having limited power to sell.*—Under a contract of agency for the sale of pianos and organs, it was required

[Cummins v. Beaumont.]

that all orders for the sale of instruments should be made by the agent, and that all instruments sold by him should be shipped directly by the principal, and the agent had possession of a piano under a special contract of bailment; *held*, that a purchaser of the piano, having knowledge of the agency, was chargeable with notice of its terms, and acquired no title as against the principal, although he paid the agreed price to the agent.

APPEAL from the Circuit Court of Bullock.

Tried before the Hon. H. D. CLAYTON.

NORMAN & WILSON, for appellants.

H. C. TOMPKINS, contra.

SOMERVILLE, J.—This is an action of *detinue*, brought for the recovery of a piano, which was hired by the appellant, Cummins, to one Mrs. Phillips, and by her sold to the appellee, Beaumont. The contract was in writing, and from its terms was a mere bailment, and not a conditional sale. The intention of the parties, as expressed in this letting for hire, is evidently to repudiate expressly the idea of a sale. Mrs. Phillips was, at the same time, constituted by Cummins as his agent to sell pianos and organs; and the authority was also in writing. She was to receive commissions on all sales of them, and "to make all orders for the same to said Cummins;" and it was further provided, that "the instruments [were] *to be sent direct from the factory.*" The appellee, Beaumont, purchased the piano in question from Mrs. Phillips, paying her three hundred dollars cash for it, and without any notice of the limited agency, or her want of authority to sell; and she failed to pay over the money to the appellant. She had made no other sales to any one, except of one organ; and this sale was known to Beaumont, when he purchased.

We think the principle must control here, that one who deals with an agent, is bound always, at his peril, to ascertain the extent of his authority.—*Powell's Adm'r v. Henry*, 27 Ala. 612: 1 Brick. Dig. p. 55, § 35. The appellee, when he made the purchase in question, was required to know the *status* of the personal property sued for in this action, and the written limitations upon the agent's authority to deal with it. Its sale by Mrs. Phillips was an unauthorized conversion, and conferred no title on the purchaser. The contract of letting for hire expressly took it out of the operation of the other agreement authorizing sales of pianos and organs on certain stipulated conditions. The exercise of proper diligence, by inquiry, might have led to this knowledge. Furthermore, it was clearly contemplated, by the contract of

[Holly v. Bass' Adm'r.]

agency, that the agent was "to make all orders" to the principal for such instruments as might be sold, and that they were to be shipped "direct from the factory" by the principal. A knowledge of the agency was, in law, a knowledge of the contents of this writing; for "the vital principle of the law of agency lies in the legal identity of the agent and the principal, created by their mutual consent;" and a principal is not bound by the acts of his agent, who transcends the scope of his authority.—1 Greenl. Ev. § 59. And such powers of attorney are ordinarily subjected to a strict construction, so as to preclude all authority not expressly given, or necessarily to be inferred.—*Dearing v. Lightfoot*, 16 Ala. 28; *Scarborough v. Reynolds*, 12 Ala. 252; *Fisher v. Campbell*, 9 Port. 210.

The Circuit Court erred in the charge given; and the judgment is reversed, and the cause remanded.