# Bent v. Jerkins.

## Action of Trover.

1. *Conditional sale to retail dealer; bona fide purchaser obtains good title.*—When an owner consigns goods to a retail dealer in such goods, with the authority to sell, but with title reserved in the owner until the payment of the purchase price, a purchaser, who pays value for such goods and has no notice of the terms of the consignment or sale, obtains a good title as against the original owner, which will prevail over the latter's reserved title.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JESSE M. CARMICHAEL.

This was an action of trover, brought by the appellant, George P. Bent, against the appellee, W. J. Jerkins, to recover damages for the alleged conversion of a piano.

The plaintiff, as a witness in his own behalf, testified that he was a manufacturer of organs and pianos, and that in the year 1891, he delivered the piano described in the complaint to T. M. Brantley & Sons under a contract in writing, signed by T. M. Brantley & Sons, in which they agreed "to sell the same [said piano] for account of George P. Bent, and account to him in cash, as soon as sold, for full value as above;" and they agreed that said piano should remain the property of Bent until paid for. This writing was introduced in evidence, as evidence of the plaintiff's title. The plaintiff further testified that he never received any pay for said piano; that plaintiff did not sell T. M. Brantley & Sons in the ordinary way of sales by wholesale dealers, because the instruments were sold at retail one at a time for each of which he took separate notes retaining title to each separate instrument, while the ordinary way of selling instruments at wholesale to retail dealers is to ship more than one instrument at a time and not retain title

to same, but charge on account. It was further shown for the plaintiff that T. M. Brantley & Sons sold the piano involved in the controversy to W. J. Jerkins, the defendant, and that the defendant took control of the same before the commencement of this suit.

J. J. Harrison, a witness for defendant, testified that in the year 1891, he was a salesman for T. M. Brantley & Sons, and that as such salesman he sold the piano described in the note introduced by plaintiff to defendant, and took in exchange therefor 202 acres of land; that by and with the consent of Brantley & Sons he took the deeds to said land in his own name in payment of wages due him by said Brantley & Sons; that said Brantley & Sons were retail dealers in pianos and other musical instruments at Dothan, Ala., at the time the said piano was shipped them and when defendant bought same from witness; and plaintiff knew Brantley & Sons were such retail dealers; and that defendant had no notice or knowledge of the existence of the contract between plaintiff and Brantley & Sons, or that Brantley & Sons obtained said instument from plaintiff. The defendant as a witness for himself testified substantially the same as did said Harrison.

Upon the introduction of all the evidence, the court at the request of the defendant, gave to the jury the following written charge: "If the jury believe the evidence, they will find for the defendant." To the giving of this charge the plaintiff duly excepted.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the giving of the general affirmative charge for the defendant.

EPSY & FARMER, for appellant.—Under all the facts of this case, the defendant obtained no title to the property, as vendor was in possession under a conditional sale. *Weil v. McWhorter*, 94 Ala. 540; *Cummins v. Beaumont*, 68 Ala. 204; *Burks v. Hubbard*, 69 Ala. 379; *Coleman v. Siler*, 74 Ala. 435; *Voss & Co. v. Robertson*, 46 Ala. 483.

JAMES B. DELL, *contra*.—The vendors of the defendant having the authority to sell and dispose of the property in question, in the usual course of trade, the defendant, who was the purchaser, obtained a good title as against the original vendor.—*Leigh Bros. v. M. & O. R. R. Co.*, 58

[Bent v. Jerkins.]

Ala. 178; *Sumner v. Woods*, 67 Ala. 142; *O'Connor v. Clark*, 29 L. R. A. 607; *Miller v. Browarsky*, 120 Pa. St. 379; *Barnard v. Campbell*, 17 Amer. Rep. 208; *Fish v. Benedict*, 74 N. Y. 613; *Chickering v. Bastress*, 130 Ill. 206; *Hadfield v. Berry*, 28 Ill. App. 376; Bigelow on Estoppel, p. 536; Benjamin on Sales, 333, notes; *Cummins v. Beaumont*, 68 Ala. 204.

McCLELLAN, J.—Two facts distinguish this case from that of *Cummins v. Beaumont*, 68 Ala. 204. There, the bailee, Mrs. Phillips, had no authority to sell the piano. Here, Brantley & Sons were the consignees of the piano for the express purpose ef selling it. There, Mrs. Phillips was not a retail dealer in musical instruments, but a mere agent to solicit orders for such instruments to be filled directly by Cummins. Here Brantley & Sons were regular retail dealers in musical instruments, and had this piano in stock for sale to all appearances just as they had for sale any other instrument or article in that stock. These facts, in our opinion, take the present case out of the influence of the principles declared in *Cummins v. Beaumont*, and bring it within the doctrine, established by adjudications in other courts and recognized by this, that "when the owner, by his own act or consent, has given another such evidence of the right to sell, or otherwise dispose of his goods, as according to the customs of trade, or the common understanding of the world, usually accompanied the authority of sale, or disposition," as where a manufacturer delivers property, retaining title, to a retail dealer for the purposes of sale by the latter, a sale by the person thus intrusted with the possession of the goods, and with the *indicia* of ownership, or of authority to sell, or otherwise dispose of them, in violation of his duty to the owner, to an innocent purchaser for value, will prevail against the reserved title of the owner.—*Leigh Bros. v. Mobile & Ohio R. R. Co.*, 58 Ala. 165, 178; 12 Amer. & Eng. Encyc. of Law, pp. 570-71; *Lawrence v. Owens*, 39 Mo. App. 325; *W. W. W. & M. Co. v. Charman*, 58 Am. Rep. 382, and notes, 386.

Brantley & Sons having the property in their possession as retail dealers in goods of that kind with power and authority to sell, a sale by them to one ignorant of the fact that by the terms of the consignment of the

property to Brantley & Sons, Bent, the owner stipulated for a retention of the title in himself until the purchase price should be paid by Brantley & Sons, or by any purchaser from them, vested good title in such purchaser if he paid value ; and it is obviously immaterial whether the price was paid in money or by a transfer of other property to or for Brantley & Sons.

Affirmed.