B. F. SUMRALL ET AL *v.* KITSELMAN BROS.

[58 South. 594.]

1. PRINCIPAL AND AGENT.  *Evidence of agency.  Sales.  Action for
    price.  Agent's authority.*

    The statement of an agent as to his agency has no probative value
    to establish such agency.

2. SALES.  *Suit for price.  Liability.*

    Where plaintiffs' agent took an order from defendant for a bill
    of wire and also took orders from several others for wire and
    shipped the total amount to defendant without his knowledge
    and defendant by agreement with the agent paid the freight on
    the whole shipment, a part of which was refunded to him by the
    selling agent, and defendant took from the carrier's station the

part of the goods which he had ordered, in such case defendant was not liable for the total shipment but only for the part he had ordered and taken out.

3. PRINCIPAL AND AGENT. *Agents authority.* *Third person.*

Where an agent authorized to sell but not to collect, sells goods to a purchaser and collects the purchase money but fails to turn it over to his principal, the purchaser is not released thereby as he dealt with the agent at his peril; he should have inquired and satisfied himself as to the agent's authority to collect.

APPEAL from the circuit court of Jones county.

HON. PAUL B. JOHNSON, Judge.

Suit by Kitselman Bros. against B. F. Sumrall and others. From a judgment for plaintiff, defendants appeal.

This suit originated upon a demand made by the appellees against the appellants, Sumrall and Bush, on open account for two hundred, thirty-two dollars and thirty cents; the claim being based upon certain articles of wire fencing. The record shows that one Leslie, acting as soliciting agent for appellees, took an order for appellants for wire fencing, amounting to seventy dollars and sixty cents, with instructions to have it shipped to Laurel, Mississippi. Leslie took other orders, the total amount of which, including appellants' order, amounted to two hundred, thirty-two dollars and thirty cents, and had appellees ship all the goods to appellants. This was done without appellants' knowledge. Appellants paid Leslie for their part of the goods and took them from the station, and left the balance in the depot, according to the understanding with Leslie. Leslie never turned any of the money collected from appellants over to appellees. Appellees then brought suit against the appellants for the whole amount of the bill shipped to them. It was shown at the trial that appellees had only given Leslie authority to solicit orders for wire fencing, but had not given him authority to collect from the purchasers any part of the purchase price. Les-

lie's authority to act for appellees is contained in a let-
ter setting out the terms upon which goods are shipped
to purchasers, which are either cash in advance, ship-
ments sent C. O. D., or upon a deposit being made in a
bank to the credit of the shipper, or where a bank will
approve the financial standing of the purchaser.  The
letter contains the following stipulations: "If you de-
sire to solicit orders on the conditions stated herein, it
will be entirely satisfactory with us for you to do so,
but we cannot accept or ship goods on other condi-
tions. . . .  Of course, if your orders are any to be
shipped to merchants or dealers who have a good com-
mercial rating in Bradstreet's or Dun's reports, we
will ship goods without question."  Appellees' sales man-
ager testifies positively that never, at any time, did his
house give, either verbally or in writing, any authority
to Leslie to act as agent for the collection of money, or
to settle with parties to whom goods were shipped.

It was admitted on the trial that if Leslie were pres-
ent as a witness he would testify that he was acting as
agent of appellees when he collected the sum of seventy
dollars and sixty cents from appellants, and when he col-
lected other amounts from other purchasers who got
part of the goods contained in this shipment.

Plaintiffs below (appellees here) contend that, since
appellants accepted the entire shipment addressed to
them, and paid freight on it all (part of which was af-
terwards refunded to them by Leslie), they are liable
for the whole shipment, and also that they paid their
money to Leslie, at their peril, without satisfying them-
selves as to his authority to collect the same.  Defend-
ants contend that they had nothing to do with a large
part of the shipment, and it was shipped in their name
without authority or knowledge on their part, and that
they advanced the amount of freight, a part of which
was afterwards refunded them by Leslie, who told them
that he had the goods shipped thus as a matter of con-

venience; that, having paid Leslie, the agent of the plaintiffs, for their portion of the shipment, they were not liable to plaintiffs for any sum whatever. The court gave a peremptory instruction to the jury to find for plaintiffs for the full amount sued for. From this judgment, the defendants appeal.

*R. E. Halsell,* for appellants.

The peremptory instruction given by the court for plaintiff should not have been granted.

On the agreed testimony of the witness L. B. Leslie, agent of defendant below, which was admitted and read to the jury, the nature of the contract between the appellants and the appellees is fully set out, and on this testimony alone the case should have gone to the jury. Leslie's testimony shows that he was the agent of the appellees, and that the appellants simply purchased a small part of the wire, knew nothing about others, and the wire for the other farmers coming in their names, had no interest in the remainder, which was sold to various other farmers by Leslie. When the wire came, at Leslie's request, appellants advanced the money to Leslie to pay the freight, and Leslie gave them back pro rata of the freight. As to the balance of the wire, they had no interest in it, did not order it, did not receive it, and could not have received it, because the testimony shows that the parties who owned that were there and received same from Leslie.

Suppose a law book agent should come to Laurel and sell me some law books, and then go to a dozen other lawyers and take orders from them, and when he had completed taking the orders, should then without my consent ship all the books sold, to me and the other lawyers, in my name, would I be liable not only for my books, but the books sold to the other lawyers? I fail to see how I should be held liable under this state of facts for the other lawyers' books. This is exactly like the case

at bar. Leslie sold a small quantity of wire to Sumrall, and a small quantity to Bush, and a small quantity to about twenty other farmers, and without the knowledge of Bush, or Sumrall, and without their consent to become liable for the collection of the money due for the balance of the wire, shipped the whole lot to Sumrall, and, simply because Sumrall and Bush put up the money to pay the freight, which is nothing unusual, and received all the freight money back, less their pro rata due on their wire, should they be held liable for all the wire shipped? I certainly do not think so.

This is a different case from the case where a party receives part of the goods, and is dissatisfied with the balance, and is held liable because he does not return the whole shipment. The appellants in this case never ordered all of the wire, simply a part of it, and only received their part.

The peremptory instruction should not have been granted for a further reason. It was shown that certain payments, amounting to about one hundred and forty dollars had been paid by different parties, and this had been turned over to Leslie, the agent of the plaintiffs below, and it was admitted that he had received the money. That being true the appellants should have had credit for the amount paid out to Leslie.

It was further shown by the testimony that the appellees had knowledge that this money had been paid to Leslie, and in the testimony is a letter from appellees in which they agree to allow the amount paid to Leslie, provided Sumrall would pay the balance. The letter is addressed to B. F. Sumrall, and is not addressed to Bush at all, and there is nothing in the testimony to show that either Bush or Sumrall knew that all of the wire would be shipped to them, or either of them; so we think the peremptory instruction should not have been granted, and the case ought to be reversed.

*T. H. Oden,* for appellees.

It is contended by appellants that L. B. Leslie was the agent of Kitselman Brothers, and that payment to him was payment of the debt.

In the first place it will be observed that appellants have not even proved that they had paid Leslie the whole amount of the debt; for by the agreed statement of facts in the record, by the letter exhibit "C" to the testimony of B. F. Sumrall's testimony, it is shown that only ninety-six dollars or ninety-seven dollars was paid Leslie in all.

It will be noted that attorney for appellee did not admit on the trial of this case that Leslie was its agent at all; but only admitted that if he was present, he would swear that he was the agent of appellee, and sold to B. F. Sumrall and R. Bush, and so on. There is no admission in the record anywhere regarding the scope of authority of his agency, and certainly an admission that a witness would swear to a certain fact, if present, cannot be given any greater weight than his sworn testimony would be given. If Leslie had been present and swore what was admitted that he would swear, his testimony would not and could not have been construed to establish agency for the purpose of collecting money for Kitselman Brothers.

Appellants in this case plead payment and the burden is on them to prove payment by a preponderance of the evidence. *Greenburg* v. *Saul,* 45 South. 569; see, also 39 Cent. Dig., "Payment," Sec. 196, and cases cited. They also assert affirmatively that Leslie was the agent of Kitselman Brothers, and the burden is on them also, to show, by clear and convincing evidence that he was their agent (see 10 Ency. of Evid., "Principal and Agent," page 6, par. 1, and cases there cited); and not only had authority to take orders for wire as agent for Kitselman Brothers, but likewise, had authority to receive payment for the wire also. See 39 Cent. Dig., 335,

Sec. 196 (c); also 10 Ency. of Evid. 8, "Authority to Receive Payment," and cases there cited.

There is no evidence in the record to show any of these facts, but on the contrary there is clear and convincing evidence to show that Leslie had no authority to collect any money at all from appellants. See testimony of Frank S. Baughn, and exhibits to same.

If Leslie had been present at the trial, and swore to each and every fact set forth in the agreed statement of facts, then his evidence would have been irrelevant and incompetent for two reasons. First, because the agency and authority of Leslie, if he was an agent of Kitselman Brothers, as well as the scope of his authority as an agent, is clearly fixed by writing in the letter which was written by him, to Kitselman Brothers, in January, 1909, which is exhibit "D," to the testimony of Frank S. Baughn; and it is clear and well-established rule of law, that where the agent's authority is conferred by a written instrument, parol evidence is not admissible to enlarge, extend, or in any manner change the written authority. See 10 Ency. of Ev., "Principal and Agent," page 13 under title "To Enlarge Written Power of Attorney," and cases there cited. Second, from the proof of agency to take orders for goods there can be no inference drawn, that the agent had authority, either expressed or implied, to collect for them. See 13 Cyc. 1358, title (c), "As to Payment," and cases cited under notes 50 and 51; see, also same book, page 1368, par. d, title, "To Collect," and cases cited under the notes 24, 25, and 26.

As I see it, the plaintiff in this case could admit that Leslie was its agent to take orders for wire, etc.; and still a peremptory instruction for it would be proper because the burden is on the defendants to show that Leslie was the agent of Kitselman Brothers to collect and receive payment for the wire, and there is no inference or presumption of authority to collect from authority

to receive orders.  See *Simon* v. *Johnson,* 13 South. 491;
*Bailey* v. *Partridge,* 134 Ill. 188; *Kane* v. *Barstow,* 42
Kan. 465, Am. St. Rep. 490; *Higgins* v. *Moore,* 34 N. Y.
117; *Lakeside Press Co.* v. *Campbell,* 22 South. 878.

In 31 Cyc. at top of page 1358, the author states the
rule in the following language:  ''But it is generally
held that the mere authority to solicit orders or to take
contracts to be submitted to the principal for approval,
carries no implied power to collect at any time.  And
the same principal denies to brokers or traveling sales-
men, not having possession of the goods, but selling for
future delivery, to be paid for upon delivery, or at any
other future time, any authority, upon these facts alone,
to collect payment for such goods.  And certainly where
goods are sold by an agent and there is notice, direct
or implied, to pay the price to the principal payment
by the vendee to the agent will not bind the principal,
or protect the vendee.  See cases cited here, notes 50,
51 and 52.

WHITFIELD, C.

On the case made by this record, two things are clear:
First, that Leslie was the agent of appellees to solicit
orders.  Second, that he was not their agent to collect.
On this latter proposition, see the following authorities:
Cyc. vol. 13, p. 1358, notes 50 and 51; *Id.* p. 1368, par.
D, and authorities cited under notes 24, 25, and 26.

The statement of Leslie that he was the agent, of
course, has no probative value as establishing agency;
and there is no other evidence in the record of any
agency to collect on the part of Leslie.  The result of
these two facts is twofold:  First.  Sumrall and Bush
are not liable for anything, except the wire, which they
themselves bought.  They had nothing to do with Les-
lie signing their names to the order, nothing to do with
the shipment of all the goods to them, and their payment
of the whole freight was by agreement with Leslie, sim-

ply for his convenience. Second. Sumrall and Bush are liable to the appellees for the amount they owed them for their wire. They dealt with Leslie at their peril. They should have inquired and satisfied themselves as to his agency. It is a great hardship that they should have to pay twice for their wire; but it would be a greater hardship on the larger body of litigants in the long run that a thoroughly established principle of law should be set aside to save them. Hard precedents make bad law.

PER CURIAM. The above opinion is adopted as the opinion of the court; and for the reasons therein indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

*Suggestion of error filed and overruled.*