## A. L. JEPSON MFG. CO. v. SHANK *et al.*

No. 6374.   Opinion Filed January 11, 1916.

(154 Pac. 516.)

1.   ESTOPPEL—Clothing Another With Title—Indicia of Owner-ship. The old common-law maxim "that no one can transfer a better title to a chattel than he himself possesses" must, in the administration of justice, be properly qualified and restricted. If the owner has done nothing to clothe the seller with the indicia of title, the maxim is sound. But where the owner has given the seller express power to sell, and he does sell clothed with the indicia of ownership, the purchaser takes title.

2.   PRINCIPAL AND AGENT—Sales—Resale by Agent. That an agent cannot sell the property of his principal in payment of his own debt is well settled. But when an alleged principal agrees that the agent may sell or trade the property for what he pleases, and pay him for it in cash, at an agreed price, the agent becomes a purchaser of the property from his alleged principal, and when he resells it, that sale is made on his own account; for it may be sold or exchanged for something that the alleged principal could not handle, and would not have, and he has agreed not to look to that trade, the thing traded, or the thing traded for for his pay, but to look to his alleged agent to pay him in cash. And if the alleged agent sells it to one he owes on a debt, the purchaser takes title; and the alleged principal must look to the alleged agent for the cash price he agreed to accept.

(Syllabus by Brett, C.)

*Error from District Court, Kay County;*
*W. M. Bowles, Judge.*

Action by the A. L. Jepson Manufacturing Company, a corporation, against A. C. Shank and another. Judgment for defendants, and plaintiff brings error. Affirmed.

*W. K. Moore,* for plaintiff in error.

*W. B. Clark* and *C. B. Harrold,* for defendants in error.

Opinion by BRETT, C.   This is a suit in replevin, and was commenced by the plaintiff in error, which will be referred to as plaintiff, against the defendants in error, who will be referred to as defendants, to recover a player piano.

The material facts in the case are that the plaintiff is a manufacturer of pianos, and employed the Herrick Music Company at Ponca City to handle its instruments under an alleged consignment contract.   This contract, however, provided that:

"All pianos sold for cash or traded for anything other than negotiable notes, or lease contracts, shall be settled for by us [Herrick Music Company] in cash as soon as sold."

The defendants bought the player piano, in controversy, of the Herrick Music Company for $650.   The Herrick Music Company owed the defendants $573 for automobile repairs, tires, gasoline, etc., and the defendants paid for the instrument by crediting the Herrick Music Company in full, and paying the balance of $77 in cash.   The plaintiff replevied the instrument, claiming the Herrick Music Company had not paid for it, and that it held title to the instrument, under the terms of its contract with the Herrick Music Company, until it was paid for.   The case was tried to the court without a jury, and resulted in a judgment for the defendants, and the plaintiff appeals to this court from that judgment.   We think the judgment is correct.

1.   The old common-law maxim, upon which the plaintiff relies, "that no one can transfer a better title to a chattel than he himself possesses," never could, and never can, be the basis of justice, unless that maxim is properly qualified and restricted.   If the owner has done

nothing to clothe the seller with the *indicia* of title, the maxim is sound. But where, as in the case at bar, the owner gives the seller the express power to sell the property, and he does sell it, clothed with all the *indicia* of ownership, and the express right to sell it, to say that his vendee got no title would be subversive of every principle of common sense, fair dealing, and justice.

But the plaintiff contends that the Herrick Music Company were only agents of the plaintiff, and had no right to sell the property of the plaintiff in payment of their own debt. That statement, as an abstract proposition, is correct; but it has no application to the facts of this case. This for the reason that under the terms of the contract between the plaintiff and the Herrick Music Company, the Herrick Music Company had the right to sell or trade these pianos to whomsoever they pleased, and for whatever they pleased; the only condition being that if they "sold for cash or traded for anything other than negotiable notes, or lease contracts," they should at once settle with the plaintiff in cash, at the wholesale price. That permitted them to sell the property for what they pleased and to make sale contracts, which were not on the account of plaintiff, their alleged principal. And where they made such sales, they became purchasers of the property from their alleged principal, and resold on their own account to the purchaser. Where the alleged principal agrees that the agent may sell or trade the property for what he pleases, and pay him for it in cash at an agreed price, the agent becomes a purchaser of the property from his alleged principal; and when he resells it, that sale is not made on the account of his principal, but is made on his own account, for it may be sold or exchanged for something that the alleged principal could

not handle and would not have; and the principal has agreed not to look to that trade, the thing traded, or the thing traded for, for his pay, but to look to his alleged agent to pay him in cash; and if the alleged agent trades it to some one he owes, for the debt he owes, instead of trading it to some one else, and for something else, that purchaser will take title; and the alleged principal under his agreement must look to the agent for the cash price which he agreed to accept, since his agreement was made wholly independent of and without regard to the thing the agent might sell or trade the property for. In *Ex Parte White, In re Nevil,* 6 L. R. Chan. App. Cases, 397, the court says:

" * * * If the consignee is at liberty, according to the contract between him and his consignor, to sell at any price he likes, and receive payment at any time he likes, but is to be bound, if he sells the goods, to pay the consignor for them at a fixed price and a fixed time, in my opinion, whatever the parties may think, their relation is not that of principal and agent. The contract of sale which the alleged agent makes with his purchasers is not a contract made on account of his principal, for he is to pay a price which may be different, and at a time which may be different from those fixed by the contract. He is not guaranteeing the performance, by the persons to whom he sells, of their contract with him, which is the proper business of a *del credere* agent; but he is to undertake to pay a certain fixed price for those goods, at a certain fixed time, to his principal wholly independent of what the contract may be which he makes with the persons to whom he sells; and my opinion is that, in point of law, the alleged agent in such a case is making, on his account, a contract of purchase with his alleged principal, and is again reselling."

This reasoning, we think, is sound, and is in harmony with the cases we have examined on this question. *Chickering et al. v. Bastress et al.*, 130 Ill. 206, 22 N. E. 542, 17 Am. St. Rep. 309; *Wilder & Co. v. Wilson*, 16 Lea (Tenn.) 548; *Bent v. Jerkins*, 112 Ala. 485, 20 South. 655.

Since the Herrick Music Company under this contract became purchasers of the property, their vendee took title; and we think the judgment should be affirmed.

By the Court: It is so ordered.