SAENGER AMUSEMENT CO. *v.* MURRAY.

[91 South. 459. No. 22582.]

1. EVIDENCE. *Testimony as to declarations of alleged agent as to fact and extent of agency inadmissible as heresay.*

    The declarations of an alleged agent as to the fact of his agency and the scope and extent of such agency testified to by another have no probative value. Such evidence only proves the fact that such declarations were made, and do not prove nor tend to prove the ultimate fact of agency and the scope and powers of the alleged agent, It is hearsay and comes within the rule against hearsay evidence.

2. EVIDENCE. *Advertisement not sufficient to prove fact advertised in absence of testimony that defendant authorized advertisement.*

    The advertisements appearing in a newspaper representing defendant as operating a moving picture show conducted in a certain building are not sufficient to prove that fact in the absence of testimony going to show that defendant authorized such advertisements.

3. PLEADING. *Defendant may make any defense under plea of general issue founded on mere denial of allegations of declaration; Where declaration alleged defendant owned picture show, and that plaintiff was injured while employed in such business, defendant, under general issue, could show that it did not own or operate picture show.*

    A defendant may make any defense under the plea of general issue which is founded on a mere denial of the allegations of the declaration. Therefore in a case where plaintiff alleged in his declaration that defendant owned and operated a picture show in a certain building, and that plaintiff was an employee of the defendant in and about the conduct of such business, and while so employed received an injury through the fault of the defendant for which suit is brought, and defendant pleaded the general issue alone, and under said plea offered evidence to show that plaintiff was not its employee because it neither owned nor operated such picture show, which evidence the trial court ruled out on the ground that such defense should have been specially pleaded or notice thereof given, under the general issue, *held*, the trial court erred in so ruling because such defense amounted to a mere denial of the material allegations of plaintiff's declaration.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

Action by Will Murray against the Saenger Amusement Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*Tally & Mayson,* for appellant.

The evidence offered by appellant in this case, if it had not been excluded by the court, would clearly have shown that prior to April 29, 1918, a man by the name of Anthony J. Xydias owned and operated the said Lomo Theatre and that on that date he sold and transferred the said theatre to the Plaza Amusement Company, a Louisiana corporation, at and for the sum of thirty thousand dollars and that this transaction was no secret but was a matter of public record and that from that date, including the time that appellee claims to have been injured and down to the day of the trial of this case in the court below, that the said Plaza Amusement Company, owned and operated said picture show and that the said appellee, when injured was actually in the employ and working at the said Lomo Theatre for the said Plaza Amusement Company and was not an employee of the appellant in this case.

The newspapers advertising evidence offered on behalf of appellee, would only go to show that this appellant, the Saenger Amusement Company, was a producer or maker of motion pictures in the state of Louisiana and furnished these pictures to the various shows throughout the country, who exhibited their pictures and that the manufacturer, just as any playwright would do, identified his pictures by his mark or advertisement so as to show whose pictures were being presented and it was surely competent evidence to show by the secretary of state's certificate, that the said Plaza Amusement Company was authorized to operate in the state of Mississippi, and that this appellant was not; and to further show this fact by the testimony of C. B. Anderson, the general manager of the Plaza Amuse-

ment Company, that the said Lomo Theatre was owned and operated by the Plaza Amusement Company, and not by this appellant, which evidence, viewed as a whole, would conclusively show that appellee had simply sued the wrong party, the result of which would have been for appellee to have gone out of court in the court below, as has often happened, where the plaintiff sued the wrong defendant.

We think that practically the whole case turns upon the erroneous idea of the court below, as to the law of pleadings; and upon this point, we wish to suggest further in the way of argument: suppose a man sues the I. C. Railroad Company for damages alleging that he was hurt on a certain day, at a certain place on the I. C. Railroad, by a locomotive operated by said company, and the said railroad company simply filed the plea of not guilty, can it be said that the I. C. Railroad could not show under that plea that the point where he said he was hurt was on the track of the G. & S. I. Railroad, and that the engine he said struck him was an engine of the said G. & S. I. Railroad and that it was then operated by the G. & S. I. Railroad company employees, without having pleaded those facts specially. If this is the law in Mississippi governing pleading and evidence, then we are mistaken in our contention as to the court's second error.

But even if we are mistaken in that, we contend, that the appellee did not show by competent evidence that he was ever in the employ of appellant. The question of pleading, as raised in this case was also raised in the case of *Brownlee Lumber Company* v. *Gandy,* 125 Miss. 71, and the court there ignored the contention altogether.

We contend that the court should have granted a peremptory instruction, directing verdict for the appellant at the conclusion of appellee's testimony and that in not having done so the testimony offered by appellant was competent and admissible and that if it had not been excluded by the court, the court would have been compelled to have granted a peremptory instruction directing a verdict for the appellant at the conclusion of all the evidence.

We therefore respectfully submit that for the errors assigned in this case that this court should not only reverse but should dismiss this case as to this appellant and let the appellee bring his suit against the Plaza Amusement Company as he should have done in the first place.

*Davis & Hill,* for appellee.

The appellant's main argument for reversal of this cause is upon the ground that the court erred in excluding the testimony of the said C. B. Anderson and documentary evidence offered by the defendant, and in fact, this is the principal argument that is made in its behalf and to this proposition we desire to submit the following observations: "Did the deed from Xydias to the Plaza Amusement Company to the property where the Lomo is situated prove or tend to prove that the Plaza was operating the show?

Did the certificate of the secretary of state that the Plaza was authorized to do business in Mississippi prove or tend to prove that the Plaza was operating the Lomo Theatre at the time of the injury?

Did the certificate of the secretary of state that the Saenger Amusement Company had not been issued a certificate to do business in Mississippi prove or tend to prove that it was not operating the Lomo Theatre at the time of plaintiff's injury?

We respectfully submit that none of said documents prove or tend to prove that the Saenger Amusement Company was not running the show in the Lomo Theatre at the time of plaintiff's injury, nor did they show or tend to show that the Plaza was operating said Theatre at said time. The fact that the Plaza was the owner of the building did not show who was operating the show therein and we submit that it is common knowledge that many enterprises, and especially picture shows, are operated in leased or rented buildings and no inference could be drawn by the jury; we submit that, because the Plaza was the owner of the building that for said reason it was operating the show therein.

128 Miss.—50.

Was it error on the part of the court to exclude the proposed evidence of the witness, C. B. Anderson? We respectfully submit that it was not error to exclude it for the following reasons: First, because there was no written plea or notice given by the appellant that it was not operating the Lomo Theatre at the time of the injury of plaintiff but that the Plaza Amusement Company was operating it at that time, and Second, the witness testified in chief that he is the manager of the Plaza Amusement Company, and that he had been in Hattiesburg as such manager for two years which would make his employment in said capacity commence in November, 1919, this cause being tried at the November term, 1921, as shown by the records, and that by reason thereof, the witness was not the manager of said theatres or either of them, at the time of injury of plaintiff and therefore knew nothing of the facts connected with said injury; and, Third, because his testimony shows that he nowhere said or testified that the Plaza Amusement Company operated the Lomo Theatre in September, 1919, at the time of the injury of plaintiff.

The evidence clearly shows, as we think, that plaintiff was in the employ of the appellant at the time of his injury and for a long time prior thereto, and that appellant was represented, at that time by Mrs. M. D. Payne, who it is shown employed employees at said theatres, directed their movements and especially the plaintiff, giving him instructions what work to do, when to do it, and what ladder to use in so doing it, and further, the record shows that she issued checks to the plaintiff in payment of his services beginning May 3, 1919 and continuing weekly until September 13, 1919, which was up to the time of his injury.

That these checks were given on the Bank of Hattiesburg and had printed thereon "Strand and Lomo Theatre." Printed at the bottom "Strand Theatre Special Account" by Mrs. M. D. Payne, which checks are made exhibits to the testimony of C. B. Anderson, so we submit that she was in charge of said theatres, employing laborers

thereat, had employed plaintiff for some two years before his injury, directed his movements and his labor, paid him his wages, signed checks, had him selling tickets and doing other similar work at her direction and dictation, and there is not a line of testimony disputing this evidence, so, we submit, that the evidence shows beyond cavil, as we think that the appellant was operating the theatres, and that Mrs. Payne was the manager in charge thereof at the time of the injury and that appellant's attempt to escape by packing it off on an unknown corporation will not avail it in this cause.

Counsel refers the court to the case of *Brownlee* v. *Gandy,* 125 Miss. 71, 87 So. 470, as authority for the proposition that no such plea was required in this case. We do not think that this case is authority at all as the point was not raised about a special plea, but this court did hold that inasmuch as the Brownlee Lumber Company, which was formerly a corporation was sued and the evidence showed that the contract was made with Brownlee himself, who was the former president of the corporation and as the plaintiff did not say that he made the contract with the corporation and that he did not understand that he was dealing with the corporation, he was not entitled to recover against it but in this case, the plaintiff clearly testifies, both on direct and cross-examination, that he was employed by the appellant, that he was working for it at the time of the injury, that Mrs. Payne was its manager and that it furnished him with an insecure and unsafe means with which to do his work, all of which facts were found by the jury to be true and we submit that the evidence fully justifies the verdict and that the appellant has had a fair trial and that it is not entitled to reversal of the judgment, but that the plaintiff was entitled to peremptory instructions from the court, as we view the case, if it had been requested, to find a verdict for the plaintiff and to assess his damages according to the proof of the injury sustained. So, we respectfully submit, that the judgment of the court below should be affirmed.

Anderson, J., delivered the opinion of the court.

The appellee, Will Murray, sued the appellant, Saenger Amusement Company, in the circuit court of Forrest county, for damages alleged by him to have been received while an employee of the appellant, through the fault of the latter, and recovered judgment, from which the appellant prosecutes this appeal.

The appellee alleged in his declaration and undertook to prove that the appellant, Saenger Amusement Company, was a Louisiana corporation engaged in operating throughout the country moving picture shows, one of which was carried on in the Lomo Theater in Hattiesburg; that the Lomo Theater was managed for appellant by Mrs. Payne, who employed appellee as porter and janitor, whose duty it was, among other things, to clean and keep the lights in said theater building in order; that in September, 1919, while so employed, he was directed by the manager, Mrs. Payne, to use a ladder in cleaning certain lights· in said theater; that the ladder furnished him was defective and unsafe, and in so using it appellee fell and was injured because of such unsafe and defective condition.

Appellant pleaded the general issue alone, and under it undertook to make the defense that it was not liable for the injury complained of because the appellee was not its servant at the time of such injury; the said Lomo Theater at that time not being either owned or operated by it.

The evidence in chief consisted alone of the testimony of the appellee himself, who testified that the Lomo Theater was controlled and operated by the appellant, Saenger Amusement Company; that Mrs. Payne was the manager of said Lomo Theater for appellant, and as such employed appellee as porter and janitor therein, and furnished him a defective ladder to use in cleaning the lights in said theater, which resulted in the injury complained of. On cross-examination appellee admitted that he did not know of his own personal knowledge whether the appellant owned or operated said theater or not, and that he did not know

of his own personal knowledge whether Mrs. Payne, who managed said theater, was employed by and represented appellant or not. He stated that the only knowledge he had on that subject was what Mrs. Payne had told him; that she had informed him that appellant owned the Lomo Theater, and she was employed as manager by appellant. This evidence was admitted by the court over the objection of appellant, which objection was based on the ground that the agency of Mrs. Payne for the appellant and the scope of her authority as such agent could not be proven by her declarations made out of court.

This court has held repeatedly that the statement of an agent testified to by another, as to the fact of his agency, and the scope and extent of such agency, has no probative value; that such evidence only proves the fact that such declarations were made; that they do not prove nor do they tend to prove the ultimate facts of agency and the scope and powers of the agent; in other words, that such declarations are purely and simply hearsay testimony. *Sumrall* v. *Kitselman Bros.,* 101 Miss. 783, 58 So. 594; *Gulfport Traction Co.* v. *Faulk,* 118 Miss. 894, 80 So. 340; *Raleigh Co.* v. *Denham,* 119 Miss. 406, 81 So. 118; *Reichman-Crosby* v. *Dinwiddie,* 117 Miss. 103, 77 So. 906. The trial court therefore erred in overruling appellant's objection to this evidence.

The only other evidence introduced by appellee to establish the fact that he was an employee of appellant at the time of his injury was the testimony of an employee of the Hattiesburg American, a newspaper published in the city of Hattiesburg, who produced, and the court admitted in evidence, several issues of that paper containing advertisements during the month of September, 1919, of moving picture show attractions appearing at said theater. That part of these advertisements relied on by appellee as showing that appellant owned, controlled, or operated the said Lomo Theater was in the following language:

"Saenger Amusement Company presents today at Lomo Theater," etc. "Saenger's Lomo Theater. " "Saenger's

Lomo Theater, Progressive Amusements, Progressive People. Saenger Amusement Company presents Evelyn Nesbitt."

Neither the employee of the Hattiesburg American who testified nor any other witness stated that appellant either authorized these advertisements or had anything whatsoever to do with their appearances in said newspaper. The witness simply identified the newspapers and the advertisements appearing therein, which were introduced in evidence by appellee over the objection of appellant.

We are of the opinion that these advertisements proved nothing except the fact that they appeared in the newspaper in question. For aught that appears to the contrary, they may have been wholly unauthorized by appellant, or appellant may have furnished to the management of the Lomo Theater, by rental or otherwise, the picture reels which were being used therein, without having any control or interest whatever in the business, or appellant may have rented such reels to the management of said picture show, and as a part of the consideration for such rental authorized and paid for said advertisements. The advertisements utterly fail to establish the vital fact that appellee at the time of his injury was an employee of appellant by virtue of the alleged ownership or control by appellant of the said Lomo Theater. Therefore these newspaper advertisements, standing alone, should have been excluded by the trial court.

Appellant offered to prove by witnesses and also by record evidence that at the time appellee was injured the Lomo Theater was owned and controlled, and the moving pictures therein carried on, by the Plaza Amusement Company, a Louisiana corporation, and that C. B. Anderson, of Hattiesburg, was its manager and Mrs. Payne an employee under him. It is unnecessary to set out the testimony offered by appellant more fully. On objection of appellee it was all ruled out on the ground that such evidence was not admissible under the general issue, the only plea

interposed by the appellant. Was such evidence competent under the general issue? Appellee alleged in his declaration, and it was an essential allegation, that the moving picture show conducted in the Lomo Theater was owned and operated by the appellant, and that appellee was an employee of appellant, and in that capacity received his injury. And when it came to the introduction of the evidence on behalf of appellee the latter undertook to prove, as was necessary, the allegations of the declaration in that respect. It is true that every defense not consisting merely of a denial of the allegations of the declaration must be pleaded specially, or notice thereof given under the general issue. But it is also true that every defense which is founded on a denial of the allegations of the declaration may be made under the plea of the general issue. *Tittle* v. *Boner,* 53 Miss. 578; 9 Ency. of Plead. & Prac. 882. It was incumbent on appellee to allege and prove that he was an employee of the appellant. He assumed that burden. The plea of the general issue denied that he was an employee of appellant. The question of employee or nonemployee was squarely presented by the declaration and the general issue. If it were a fact that appellant neither owned, controlled, nor had any interest in the Lomo Theater, then appellee was not its employee. It follows from these views that all the evidence offered by the appellant tending to show that appellee was not its employee at the time of his injury, by reason of the fact that it did not own or control the said Lomo Theater, should have been admitted by the court.

*Reversed and remanded.*